Thomas L. YATES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 12–83–0132–CR, 12–83–0154–CR.

Court of Appeals of Texas,
Tyler.

Jan. 20, 1984.

Rehearing Denied Feb. 9, 1984.

Discretionary Review Refused
Oct. 10, 1984.

Paul Tatum, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

COLLEY, Justice.

On the 24th day of February, 1981, Yates waived his right to a jury trial and pleaded

guilty before the court to the indictments in two cases charging him with attempted capital murder (trial court causes Nos. 11,-402–80–5 and 11,403–80–5). His pleas were accepted and he was adjudged guilty in each case and punishment was assessed pursuant to a plea bargain agreement at ten years confinement and in cause No. 12–83–0132–CR (trial court No. 11,402–80–5) a fine of $250; imposition of sentence was suspended as to confinement and Yates was placed on probation for a period of ten years. He did not appeal from such judgments of conviction and orders for probation.

On November 20, 1981, the trial court revoked Yates' probation in each of these cases. Yates appealed from these orders of revocation to this court under our cause Nos. 12–82–0006–CR and 12–82–0007–CR. On this date, this court has affirmed these orders revoking probation (12–82–0006–CR, 12–82–0007–CR each styled *Thomas L. Yates, Jr. v. The State of Texas,* opinion delivered January 19, 1984, as yet unpublished).

In Cause No. 12–83–0132–CR Yates is appealing from the trial court's action (1) revoking his bond on appeal in the first revocation proceeding and (2) denying him a bond on appeal from the orders of the trial court revoking his probation a second time on the 27th day of May, 1983. The appeal from the second revocation is the subject of our cause No. 12–83–0154–CR. While Yates alleges that the appeal in this cause is from the trial court's denial of relief on his application for writ of habeas corpus, it is as we have noted an appeal from the court's denial of a bond on appeal of the second revocation orders and the trial court's order revoking Yates' bond on appeal from the first revocation orders in the same cases. We have jurisdiction to review such orders by the express provisions of art. 44.04(g) of the Texas Code of Criminal Procedure.[1]

We first addressed the issues presented in these appeals in August 1983, delivering per curiam opinions dated August 25, 1983, in both cases. In Cause No. 12–83–0154–CR we reversed the trial court's order revoking Yates' probation the second time, and held in Cause No. 12–83–0132–CR that the trial court's order revoking Yates' appeal bond from the first revocation order violated Yates' due process rights and was, therefore, void. We reinstated such bond. However, on State's motion for rehearing filed in each case, we withdrew such per curiam opinions and we now withdraw such opinions and substitute this opinion therefor.

Where necessary to this opinion we judicially notice the records in Cause Nos. 12–82–0006–CR and 12–82–0007–CR to which we have heretofore alluded.

It is undisputed that the trial court revoked Yates' probation in trial court cause Nos. 11,402–80–5 and 11,403–80–5 on November 20, 1981; that Yates appealed therefrom and posted an appeal bond. On the 20th day of November, 1981, in open court in the presence of Yates and his counsel, the court purported to orally impose conditions on Yates' bond to the effect that Yates neither "consume" nor have in his possession any alcoholic beverages or other "intoxicating substance."

The record shows that on May 6, 1983, Yates was arrested by Nacogdoches Deputy Sheriff Cain on suspicion of DWI. Following this arrest, the State filed its motions to revoke Yates' probation for the second time in both of these cases. On May 27, 1983, a revocation hearing was conducted by the trial court in both cases. Following the hearings, at which the State produced three witnesses who testified that Yates was intoxicated, the trial court again revoked Yates' probation in trial court Cause Nos. 11,402–80–5 and 11,403–80–5. Again sentence was imposed and again Yates gave notice of appeal.

1. All references to articles will be to the Texas Code of Criminal Procedure unless otherwise indicated.

On May 31, 1983, the State filed a motion to revoke Yates' bond on appeal from the first revocation orders in the same causes and for the court to deny Yates a bond on appeal from the second revocation orders. A hearing was had on State's motion on June 2, 1983. At that hearing, by agreement of the parties, the trial court took judicial notice of the proceedings on the State's motions to revoke Yates' probation conducted on May 27, 1983, and on November 20, 1981, including the hearing on his application for bond. This was proper. *Ex parte Turner*, 612 S.W.2d 611 (Tex.Cr.App. 1981). The trial judge after the hearing was concluded revoked Yates bond on appeal from the first revocation orders and denied Yates a bond on appeal from the second revocation orders.

■ Yates argues first that in effect the provisions of art. 44.04(c) collide with the provisions of art. 1 § 11a of the Texas Constitution, and thus that before a bond on appeal can be denied under art. 44.04(c) the evidence produced must "... involve an act of at least felony grade." Such argument has no merit. *Ex parte Lowe*, 573 S.W.2d 245 (Tex.Cr.App.1978). The language of art. 44.04(c) provides in pertinent part:

> Pending the appeal from any felony conviction ... the trial court may deny bail and commit the defendant to custody if *there then exists good cause to believe that the defendant ... is likely to commit another offense while on bail.* (Emphasis supplied.)

This language clearly includes any criminal offense whether felony or misdemeanor. The evidence before the trial court was amply sufficient to show that Yates had in fact committed the misdemeanor offense of driving while intoxicated while on bond pending appeal of his first revocation order, hence, it is necessarily sufficient to show that he "is likely to commit another offense while on bail." *Putnam v. State*, 582 S.W.2d 146 (Tex.Cr.App.1979). The trial court's order denying a bond on appeal

from the second revocation orders is affirmed.

■ Next we consider Yates' ground of error complaining that the trial court erred in revoking his bond on appeal from the first revocation orders. Yates' only complaint in his brief is that there was no evidence of what conditions were imposed by the court on his bond on appeal from the first revocation orders. He contends that the finding made by the trial judge were necessarily based on hearsay evidence. Contrary to Yates' contention, a supplemental statement of facts is a part of the record in this appeal and contains the conditions imposed by the trial court on Yates' appeal bond. In part, the oral pronouncement by the judge was:

> The court permits him to remain under that present bond, provided, however, that the same be amended and modified as follows: That you shall not consume nor have on or about your premises or your automobile or your person any alcoholic beverages ....

Such pronouncement was made in open court by the judge in the presence of Yates and his attorney. The State's motion to revoke the bond on appeal alleged, inter alia, "[F]ollowing the revocation of his probation, Yates requested and was granted an appeal bond conditioned on Yates' not using or having about his premises any alcoholic beverages." The evidence clearly shows that Yates violated this condition imposed on the appeal bond.

■ Having concluded that the record demonstrates that the court did not abuse its discretion in revoking the bond on appeal, we affirm the trial court's orders denying Yates' relief on his application for writ of habeas corpus as well as the court's orders revoking Yates' bond on appeal from the first revocation orders. Assuming, without deciding, that the provisions of art. 44.04(c) reading, "The court may impose reasonable conditions on bail pending the finality of his [a defendant's] conviction," do not require that such conditions

be in writing, we nevertheless suggest the better practice would be to reduce any conditions imposed on bail to writing and cause a copy of the same to be served on the defendant and a copy attached to the bond. In this case no ground of error is presented complaining of the oral character of the conditions found to be violated, and we perceive no error of fundamental character is shown.

■ Yates also appeals in these cases from the orders revoking his probation a second time pending his appeal from the first revocation orders. The Court of Criminal Appeals in *Nicklas v. State*, 530 S.W.2d 537 (Tex.Cr.App.1975), held that when an appeal is taken from an order revoking probation, the probationary period continues to run unabated. In *Ex parte Miller*, 552 S.W.2d 164, 165 (Tex.Cr.App. 1977), that court held that although a defendant's probation is revoked, if an appeal is taken from the revocation order, then pending the determination of the appeal the defendant is still subject to the conditions of probation and arrest for any violation of those conditions during the period of probation. A necessary implication under such decisions is that a defendant is also subject to subsequent revocation of his probation pending appeal from a prior order of revocation. Thus we have concluded that the second revocation hearings and orders of revocation entered by the trial court were authorized. It appears that our decision today affirming the first revocation orders renders the appeal from the second revocation orders moot; however, because our decision is subject to review, we address the merits here presented.

In his sole ground of error, Yates contends that the trial court erred in overruling his motion to quash the indictment. We have already decided that issue against him in our opinion in Cause Nos. 12–82–0006–CR and 12–82–0007–CR delivered today. No additional discussion of the ground is necessary, and it is overruled. The judgment of the trial court is affirmed.