Luis Campos **HERRERA, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. **13–87–534–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 8, 1988.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an order entered on December 17, 1987, revoking appellant's probation. We dismiss the appeal as moot.

In April 1984, appellant was convicted of possessing marihuana and placed on probation for a period of ten years. On January 13, 1987, the State filed a motion to revoke appellant's probation. A hearing was held on that motion and probation was revoked on April 16, 1987. On that same date, appellant gave notice of appeal. This Court docketed that appeal as cause number 13–87–161–CR.

On November 25, 1987, while the first revocation order was still pending on appeal, the State filed a second motion to revoke probation. The trial court held another revocation hearing and revoked probation a second time on December 17, 1987. Appellant gave notice of appeal on the same date. This Court docketed that appeal as cause number 13–87–534–CR.

On February 11, 1988, this Court affirmed the trial court's first revocation order. *Herrera v. State*, 745 S.W.2d 527 (Tex.App.—Corpus Christi 1988, pet. ref'd). Appellant's petition for discretionary review of this Court's decision was refused on May 18, 1988, and the mandate of affirmance was issued on July 12, 1988. Appellant's conviction for marihuana possession was final on that date, and we find that the appeal from the second revocation order is now moot.

In *Yates v. State*, 679 S.W.2d 538 (Tex. App.—Tyler 1984, pet. ref'd), the Tyler Court of Appeals confronted the same mootness issue where a second revocation order had been entered. The Court stated:

> Yates also appeals in these cases from the orders revoking his probation a second time pending his appeal from the first revocation orders. The Court of Criminal Appeals in *Nicklas v. State*, 530 S.W.2d 537 (Tex.Cr.App.1975), held that when an appeal is taken from an order revoking probation, the probationary period continues to run unabated. In *Ex parte Miller*, 552 S.W.2d 164, 165 (Tex. Cr.App.1977), that court held that although a defendant's probation is revoked, if an appeal is taken from the revocation order, then pending the determination of the appeal the defendant is still subject to the conditions of probation and arrest for any violation of those conditions during the period of probation. A necessary implication under such decisions is that a defendant is also subject to subsequent revocation of his probation pending appeal from a prior order of revocation. Thus we have concluded that the second revocation hearings and orders of revocation entered by the trial court were authorized. It appears that our decision today affirming the first revocation orders renders the appeal from the second revocation orders moot; however, because our decision is subject to review, we address the merits here presented.

*Yates*, 679 S.W.2d at 541.

Unlike the first revocation order in *Yates*, the first revocation order in this case is final. Therefore, we find that any issue arising from the second order is moot, and the appeal is dismissed as moot.