IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-318-CR





EX PARTE: MARK PHILLIP QUAM,



 APPELLANT



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT,



NO. 90-222-K26, HONORABLE WILLIAM S. LOTT, JUDGE



 





PER CURIAM



 This is an appeal from an order of the district court
denying bail pending appeal. Tex. Code Cr. P. Ann. art. 44.04(g)
(Supp. 1991). (1) Appellant was convicted of possessing more than 200
but less than 400 grams of cocaine, a controlled substance. Tex.
Health & Safety Code Ann. § 481.112 (Pamph. 1991). The district
court assessed punishment at imprisonment for fifteen years and a
$5000 fine.

 The record clearly reflects that the district court
denied bail based on a finding that good cause exists to believe
that appellant is likely to commit another offense while on bail. 
Tex. Code Cr. P. Ann. art. 44.04(c) (Supp. 1991). Appellant's
brief does not discuss whether the court abused its discretion in
so finding. Instead, appellant's brief addresses a question not
presented: whether there is good cause to believe appellant would
not appear when his conviction becomes final.

 There is evidence that, while on bail awaiting trial in
this cause, appellant met with friends of his codefendant and took
from them a quantity of cocaine. When later confronted by the
police, appellant turned over the cocaine to them. Given this
evidence, this Court cannot say that the district court abused its
discretion in denying bail. Putnam v. State, 582 S.W.2d 146 (Tex.
Cr. App. 1979); Yates v. State, 679 S.W.2d 538 (Tex. App. 1984,
pet. ref'd).

 The order denying bail pending appeal is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: March 6, 1991

[Do Not Publish]
1. Appellant characterizes this appeal as one from an order
denying relief on writ of habeas corpus, but we believe it is more
accurate in this case to say that the appeal reached us pursuant to
art. 44.04(g). This is a matter of academic interest only, as the
appeal is properly before us in either case. Ex parte Spaulding,
612 S.W.2d 509 (Tex. Cr. App. 1981).