

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 10, 1998

The Honorable Al Edwards
Chair, Committee on Rules and Resolutions
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-486

Re: Whether an individual convicted of a prior federal offense may apply for restoration of civil rights forfeited in the state as a result of the federal conviction if the individual has also been convicted of a misdemeanor offense (RQ-1072)

Dear Representative Edwards:

You request an opinion from this office about restoration of civil rights for an individual convicted of a federal offense. Specifically, you ask whether such an individual may apply for restoration of civil rights forfeited in the state as a result of the federal conviction if the individual has also been convicted of a misdemeanor.[1] We conclude in the negative for the following reasons.

We start with some background. Texas Constitution article XVI, section 2 directs the legislature to enact laws "to exclude from office, serving on juries, and from the right of suffrage, those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes."[2] Pursuant to this constitutional authority, the legislature has enacted laws disqualifying an individual convicted of a felony from holding a public office, serving on juries, and voting in elections, among others things.[3]

Article 48.05(a) of the Code of Criminal Procedure, enacted in 1993,[4] provides that an individual convicted of a federal offense other than an offense involving violence, threat of violence, or drugs may, except as provided by subsection (b), apply for restoration of any civil rights forfeited

---

[1]You do not specify the misdemeanor offense.

[2]For the purposes of the constitutional provision, "high crimes" has been interpreted to refer to felonies. *Welch v. State ex rel. Long*, 880 S.W.2d 79, 82 (Tex. App.--Tyler 1994, writ denied); *Hayes v. Harris County Democratic Executive Comm.*, 563 S.W.2d 884, 885 (Tex. Civ. App.--Houston [14th Dist.] 1978, no writ). You do not ask and we do not consider whether article 48.05(b)(3) is consistent with Texas Constitution article XVI, § 2.

[3]*See* Elec. Code §§ 11.602 (disqualification as voter), 141.001(4) (disqualification from public office); Gov't Code § 62.102(4), (7) (disqualification from jury); Prob. Code § 78(c) (disqualification from serving as fiduciary).

[4]*See* Act of May 19, 1993, 73d Leg., R.S., ch. 900, § 7.01, 1993 Tex. Gen. Laws 3586, 3762.

in the state as a result of the federal conviction ("prior federal offense").[5] Subsection (b) provides as follows:

> (b) An individual may not apply for restoration of civil rights under this article unless:
>
>> (1) the individual has completed the sentence for the federal offense;
>>
>> (2) the conviction occurred three or more years before the date of application; and
>>
>> (3) *the individual has not been convicted at any other time of an offense under the laws of this state, another state, or the United States.* [Emphasis added.]

Your question requires us to determine whether the term "offense" as used in article 48.05(b)(3) includes misdemeanors.

Article 48.05 does not define the term "offense" for the purposes of subsection (b)(3). Additionally, no Texas case or an attorney general opinion has construed the term in this context. The following principles of statutory interpretation, however, guide us in construing this term.

Code of Criminal Procedure article 3.01 directs that "all words, phrases, terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."[6] As explained by the Texas Court of Criminal Appeals, "when read in context, such words should be open to the broadest possible understanding to which they are reasonably susceptible in the English language."[7] A different and narrower interpretation may not be imposed under the guise of statutory construction.[8] Application of these principles leads us to conclude that "offense" as used in article 48.05(b)(3) includes misdemeanors.

"Offense" as commonly and broadly understood includes both felonies and misdemeanors. *Webster's Ninth New Collegiate Dictionary* defines, "offense" as "an infraction of law; *esp.:*

---

[5]Restoration of civil rights under this article is a form of pardon that restores all civil rights forfeited under state law as a result of the prior federal offense, except as otherwise provided in the certificate of restoration. Code Crim. Proc. art. 48.05(k).

[6]*See also* Penal Code § 1.05(b); Gov't Code § 311.011.

[7]*Bingham v. State*, 915 S.W.2d 9, 10 (Tex. Crim. App. 1994).

[8]*Id.*

MISDEMEANOR . . .["]9 *Black's Law Dictionary* defines the term as "[a] felony or misdemeanor; a breach of the criminal laws."[10] Additionally, while neither the Penal Code or the Code of Criminal Procedure specifically define "offense," the definitions of misdemeanors and felonies make it clear that both are encompassed by the term offense.[11] Article 12.02 of the Penal Code classifies offenses as felonies or misdemeanors. Felonies are "offense[s] so designated by law or punishable by death or confinement in a penitentiary."[12] Misdemeanors are "offense[s] so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail.[13] Finally, nothing in the legislative language of article 48.05 restricts the term "offense" as used in subsection (b)(3) to refer only to felonies and exclude misdemeanors. If the legislature had intended to limit subsection (b)(3) to include only felonies and exclude misdemeanors, it would have expressly so provided as it has done in other instances.[14] Therefore, we conclude that the term "offense" as used in article 48.05(a)(3) by definition includes misdemeanors.

While article 48.05 by its term does not exclude any misdemeanors from "offenses" for the purposes of subsection (b)(3), arguably class C misdemeanors are nonetheless excluded from article 48.05(b)(3) because of Penal Code section 12.03(c). Section 12.03(a) of the Penal Code classifies misdemeanors according to the seriousness of the offense into three categories: class A misdemeanors, class B misdemeanors, and class C misdemeanors. Class A and B misdemeanors are punishable by fine, confinement in jail, or by both.[15] Class C misdemeanors are punishable only by

---

[9]WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 819 (1990).

[10]BLACK'S LAW DICTIONARY 975 (5th ed. 1979); *see also Yates v. State*, 679 S.W.2d 538, 540 (Tex. App.-- Tyler 1984, writ ref'd) ("offense" in statute allowing denial of bail in appeal from felony conviction and commitment to custody if there is good cause to believe defendant is likely to commit "another offense" includes felony or misdemeanor); 29 WORDS & PHRASES 373 (1972) (other cases cited under OFFENSE, Felonies and misdemeanors).

[11]*See* Penal Code §§ 1.07(23) (defining "felony" as offense so designated by law or punishable by death or confinement in penitentiary), (31) (defining misdemeanor as offense so designated by law or punishable by fine, by confinement in jail, or by both), 12.02 (designating offenses as felonies or misdemeanors).

[12]Penal Code § 1.07(23).

[13]*Id.* § 1.07(31).

[14]*Compare* Code Crim. Proc. art. 48.05(b)(3) *with id.* art. 55.01(a)(C) (person arrested for felony or misdemeanor entitled to have arrest records and files expunged if acquitted or convicted and pardoned and if "he has not been convicted of a *felony* in the five years preceding the date of arrest[,]" among other things) (emphasis added). The legislature enacted articles 48.05 and amended 55.01 in the same legislative session as part of the 1993 Penal Code amendments. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, §§ 7.01, 7.02, 1993 Tex. Gen. Laws 3586, 3762-63.

[15]Penal Code §§ 12.21 (class A misdemeanor punishable by fine not to exceed $4,000, jail confinement not to exceed one year, or both), .22 (class B misdemeanor punishable by fine not to exceed $2,000, jail confinement not to exceed 180 days, or both).

a fine not to exceed $500.[16] Section 12.03(c) provides that "[c]onviction of a Class C misdemeanor does not impose any legal disability or disadvantage." In Attorney General Opinion JM-1237, this office noted that section 12.03(c) is a long-standing feature of the state's penal laws and is designed to ensure that "'conviction of a Class C (justice court) misdemeanor does not deprive the defendant of his rights to vote, hold public office, serve on a jury, or other rights of citizenship.'"[17] Thus, if offense in article 48.05(b)(3) is read to include class C misdemeanors, arguably an otherwise qualified applicant becomes ineligible for restoration of civil rights solely because of the class C misdemeanor conviction and is accordingly "deprived" of his civil rights contrary to Penal Code section 12.03(c).

Although the above argument may have some merit, we remain unpersuaded that the legislature intended to exclude class C misdemeanors from article 48.05(b)(3) for the following reasons. First, the legislatively adopted language does not exclude these misdemeanors.[18] Penal Code section 12.03(c) is a long-standing feature of the state's penal laws. It has been in existence since at least 1973.[19] Presumably, the Texas Legislature was aware of that statute's existence when it adopted article 48.05 in 1993.[20] If the legislature intended that article 48.05(b)(3) not include class C misdemeanors, we believe it would have so expressly provided.[21] It did not. Second, it is not the conviction of the class C misdemeanor that deprives an applicant under section 48.05 of his or her civil rights. Rather, it is the prior federal offense that deprived the individual of these rights. The requirement that the applicant not have been convicted of any other offense, including a class C misdemeanor under Texas law, is merely an additional condition imposed by the state for restoration of the rights forfeited under state law as a result of the prior federal offense. We are unaware of any authority that requires the state to restore the forfeited civil rights or that would prevent the state from imposing such conditions as it deems appropriate when the state chooses to restore these rights. Before 1993, there were *no* state procedures for restoring civil rights for federal felons.[22]

---

[16]*Id.* § 12.23.

[17]Attorney General Opinion JM-1237 (1990) at 3 (concluding, however, that even assuming employment bar as to class C misdemeanors at elderly and disabled facility pursuant to ch. 106 of Hum. Res. Code is "legal disability or disadvantage," more specific and recently enacted ch. 106 would control over Penal Code § 12.04).

[18]*Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (when interpreting statutes, court seeks to effectuate collective legislative intent or purpose; primary indicator of intent is statute's literal language because it best indicates legislature's collective intent at time legislature adopted statute).

[19]*See* Act of May 24, 1973, 73d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 906.

[20]*See* 67 TEX. JUR. 3D *Statutes* § 134 (1989) (may be presumed that legislature aware of existing statutes).

[21]*See Boykin*, 818 S.W.2d at 785; *State v. Kaiser*, 822 S.W.2d 697, 700 (Tex. App.--Fort Worth 1991, pet. ref'd) (existence or nonexistence of particular intent of statute may be inferred from fact that statute does not contain certain provision).

[22]*See* Act of May 27, 1993, 73d Leg., R.S., ch. 900, § 7.01, 1993 Tex. Gen. Laws 3586, 3762; *Beecham v.*
(continued...)

## S U M M A R Y

An individual convicted of a prior federal offense may not apply for restoration of civil rights forfeited in the state as a result of the federal conviction if the individual has also been convicted of a misdemeanor offense.

Yours very truly,

*Dan Morales*

D A N   M O R A L E S
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Sheela Rai
Assistant Attorney General

---

[22](...continued)
*United States*, 511 U.S. 368, 372 (1994) (many jurisdictions, including Texas, have no procedures for restoring forfeited civil rights to federal felons); *United States v. Thomas*, 991 F.2d 206, 213-14 (5th Cir. 1993) (Texas neither actively nor passively restores all or essentially all of forfeited civil rights to federal felons).