**Brian Lee MALDONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–02–00120–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 21, 2003.

Charles Manning, Beeville, for Appellant.

George P. Morrill, II, District Attorney, Beeville, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is an appeal from the second revocation of appellant's community supervision. The trial court has certified that this case "is not a plea-bargain case and the defendant has the right of appeal." *See* TEX.R.APP. P. 25.2(a)(2). In a single issue, appellant contends the trial court erred in refusing to dismiss the State's motion to revoke community supervision. We dismiss this appeal as moot.

### A. BACKGROUND AND PROCEDURAL HISTORY

On May 16, 1996, appellant was charged by indictment with committing deadly conduct by knowingly discharging a firearm at or in the direction of one or more individuals.[1] Appellant pleaded nolo contendere to the charge, and on July 25, 1996, the trial court placed appellant on deferred adjudication community supervision for a term of

---

1. *See* TEX. PEN.CODE ANN. § 22.05(b)(1) (Vernon 2003).

six years. On June 18, 1998, the trial court adjudicated appellant guilty of the offense and assessed his punishment at eight years' imprisonment; but the trial court suspended the sentence and placed appellant on community supervision for a term of six years. On July 13, 2000, the State filed a motion to revoke appellant's community supervision, and on October 1, 2000, it amended the motion. On October 12, 2000, the trial court revoked appellant's community supervision and assessed his punishment at three years' imprisonment. Appellant filed a motion for new trial and requested an evidentiary hearing to challenge the sufficiency of the evidence to support his original conviction, effectiveness of counsel, and the voluntariness of his plea. The trial court held the evidentiary hearing and denied appellant's motion for new trial. Appellant filed a notice of appeal and was released on bond pending appellate review. This Court docketed that appeal as cause number 13–01–00146–CR. On November 29, 2001, this Court determined that we did not have jurisdiction to consider any of appellant's issues in cause number 13–01–00146–CR, and we dismissed that appeal for want of jurisdiction.[2] Appellant filed a petition for discretionary review with the Texas Court of Criminal Appeals, but the petition was refused on May 29, 2002. The mandate in cause number 13–01–00146–CR was issued on June 28, 2002.

On September 27, 2001, while the appeal in cause number 13–01–00146–CR was pending, the State filed a second motion to revoke the June 18, 1998 community supervision order. On October 24, 2001, appellant filed a response to the State's second motion to revoke community supervision. In the response, appellant asked the trial court to dismiss the motion on the ground that it was moot because the court had already revoked his community supervision and assessed his punishment at three years imprisonment. On October 25, 2001, the trial court revoked appellant's community supervision and assessed appellant's punishment at five years' imprisonment. This appeal ensued.

## B. Analysis

When an appeal is taken from an order revoking community supervision, the probationary period continues to run unabated until it expires or until a revocation order is entered and becomes final. *Ex parte Miller*, 552 S.W.2d 164, 165 (Tex. Crim.App.1977); *Herrera v. State*, 756 S.W.2d 882, 883 (Tex.App.-Corpus Christi 1988, no pet.). Although a defendant's community supervision is revoked, if an appeal is taken from the revocation order, then pending the determination of the appeal the defendant is still subject to the conditions of community supervision and subject to arrest for any violation of those conditions during the remainder of the period of community supervision. *See Ex parte Miller*, 552 S.W.2d at 165. Thus, it follows that a defendant is also subject to subsequent revocation of his community supervision pending appeal from a prior order of revocation. *See Yates v. State*, 679 S.W.2d 538, 541 (Tex.App.-Tyler 1984, pet. ref'd). However, if the appellate court determines that community supervision was properly revoked, then any subsequent revocation order based on new violations becomes moot. *See id.*

Here, because the October 12, 2000 revocation order is now final, we conclude that any issue arising from the second revoca-

**2.** *See Maldonado v. State*, No. 13–01–00146–CR, 2001 WL 1554199, *2–3, 2001 Tex.App. LEXIS 7985, at *8 (Corpus Christi Nov. 29, 2001, pet. ref'd) (not designated for publication).

215

tion order, dated October 25, 2001, is now moot. *See Herrera,* 756 S.W.2d at 883.

Accordingly, we set aside the trial court's order of October 25, 2001 and dismiss this appeal as moot. *See* TEX.R.APP. P. 43.2(e).