Johnny Ray ABBOTT, Appellant

v.

The STATE of Texas, Appellee.

No. 10–07–00295–CR.

Court of Appeals of Texas, Waco.

Dec. 18, 2007.

Discretionary Review Dismissed Feb. 27, 2008.

---

Gary A. Udashen, Sorrels Udashen & Anton, Dallas, TX, for Appellant/Relator.

Joe F. Grubbs, Ellis County District Atty., Waxahachie, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER SETTING BAIL

PER CURIAM.

Before the Court is Appellant Johnny Abbott's motion to set bond. We will grant the motion.

### Background

On December 12, 2007, we reversed the trial court's order denying Abbott's motion for time credit and remanded this case to the trial court with the instructions to apply Abbott's prison time served (740 days) as a credit toward the 180–day confinement as a condition of community supervision and, because that credit greatly exceeds 180 days, to immediately release Abbott from jail. *Abbott v. State*, 245 S.W.3d 19, 23 (Tex.App.—Waco, 2007, pet. filed).

Despite the instruction in our opinion and judgment to immediately release Abbott from jail, he was not released. On the morning of December 14, Abbott filed with us a Motion to Issue Mandate Immediately under the authority of Rule of Appellate Procedure 18.1(c). *See* Tex.R.App. P. 18.1(c) ("The mandate may be issued earlier if the parties so agree, or for good cause on the motion of a party."). Also on December 14, the State filed with the Court of Criminal Appeals a "Motion for Leave to File Motion to Stay the Premature Issuance of Mandate by the Tenth Court of Appeals" and a "Motion to Stay the Premature Issuance of Mandate by the Tenth Court of Appeals." At 7:01 p.m. on December 14, we received by telefax the Court of Criminal Appeals' per curiam order, which states in whole:

> The State's Motion for Leave to File and Motion to Stay Motion for Leave to File and Motion to Stay the Premature Issuance of the Mandate by the Tenth Court Of Appeals are Granted. The Court of Appeals for the Tenth Judicial District is ordered to withhold issuance of the mandate pending further action by this Court.

*Abbott v. State*, No. PD–1816–07 (Tex. Crim.App. Dec. 14, 2007) (order) (per curiam). As a result of this order, we withheld delivery of the mandate (by separate order we will be recalling our issued but undelivered December 14 mandate).

### Abbott's Motion for Bond

On the morning of December 17, Abbott filed his motion for bond and noted that the State had expressed its intent to file a petition for discretionary review. In the late afternoon of December 17, the State filed its petition for discretionary review with us.

Relying on Article 44.04(h) of the Code of Criminal Procedure, Abbott asserts that he is entitled to be released on reasonable bail and that we are to determine the amount of bail. Article 44.04(h) provides:

(h) If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. **If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail.** If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's rights to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr.App. R. 209(c).

TEX.CODE CRIM. PROC. ANN. art. 44.04(h) (Vernon 2006) (emphasis added).

There is no dispute that Abbott's motion for bond was filed before the State's petition for discretionary review. Thus, if article 44.04(h) applies to Abbott, we are to determine the amount of bail while the petition for discretionary review is pending. The State argues that article 44.04(h) does not apply because Abbott did not

appeal his conviction and we did not reverse his conviction. Abbott responds that the legislative intent of Article 44.04(h) encompasses a person in Abbott's position and that application of the Government Codes considerations in construing Article 44.04(h) weigh heavily in favor of applying it to Abbott.

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

TEX. GOV'T CODE ANN. 311.023 (Vernon 2005). Additionally, in enacting a statute, it is presumed that a just and reasonable result is intended. *Id.* 311.021(4).

Abbott states that the purpose of Article 44.04(h) is to ensure that a defendant does not serve time in jail or prison when the court of appeals has issued a decision reversing an order that requires the service of time in jail or prison and that Article 44.04(h) is intended to delay service of the sentence until a final determination is made on the sentence imposed by the trial court. We agree.

The purpose and intent of Article 44.04(h) would be subverted if we were not to apply it to Abbott. In the trial court, the jury assessed a sentence of ten years, suspended with ten years of community

supervision. As a condition of community supervision, the trial court imposed confinement in county jail for 180 days. We reversed the trial court's order denying Abbott's motion for time credit and remanded this case to the trial court with the instructions to apply Abbott's prison time served (740 days) as a credit toward the 180–day confinement as a condition of community supervision and, because that credit greatly exceeds 180 days, to immediately release Abbott from jail. *Abbott v. State,* 245 S.W.3d 19, 23 (Tex.App.—Waco, 2007, pet. filed). Abbott has served two-thirds of the 180 days to date.

If our decision is correct and Abbott should not have served any of the 180–day confinement, justice demands immediate release. If the State is correct and our decision is reversed, Abbott can be ordered to complete the 180–day confinement, and justice will be served. But if our decision is correct and Abbott has served the entire 180–day confinement, justice will have been thwarted.[1]

### Conclusion

We grant Abbott's motion for bond. Bail is set at $2,500, and if Abbott is released on bond, we order his compliance with all of the terms and conditions of the trial court's community supervision order of August 16, 2007 other than the 180–day confinement. **Upon Abbott's posting of bond pursuant to this order, Abbott shall be released from confinement in the Ellis County jail immediately.**[2]

---

1. Abbott also questions the State's "extreme efforts" to block Abbott's immediate release that we ordered in our December 12 opinion and judgment, noting that the primary duty of prosecutors is "not to convict, but to see that justice is done." Tex.Code Crim. Proc. Ann. art. 2.01 (Vernon 2005).

---

2. The State's petition for discretionary review has been filed. We will not utilize Rule of Appellate Procedure 50 to correct or modify our opinion, which is now final. Tex.Code Crim. Proc. Ann. art. 44.04(h).