

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00031-CR

WILLIAM THOMAS LEONARD                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

The Texas Court of Criminal Appeals set bond for Appellant William Thomas Leonard pending its disposition of the State's petition for discretionary review. Subsequently, the trial court signed an order adding conditions to Leonard's bond. Leonard appeals from the trial court's order, raising two issues. We will affirm.

## II. PROCEDURAL BACKGROUND

Leonard pleaded guilty to committing the offense of injury to a child. He was placed on deferred adjudication community supervision for five years and was assessed a $750 fine. The conditions of Leonard's community supervision included sex offender evaluation and counseling and required that he submit to, and show no deception on, polygraph exams. Eventually, the State filed a motion to proceed to an adjudication of Leonard's guilt; the trial court held a hearing on the motion and found that Leonard had violated the terms of his community supervision. Leonard was adjudicated guilty and sentenced to seven years' confinement. He appealed. The Eastland Court of Appeals reversed the trial court's judgment, holding that the trial court had abused its discretion by considering evidence of Leonard's failed polygraph exams in determining whether to revoke his community supervision. *Leonard v. State*, 315 S.W.3d 578, 581 (Tex. App.—Eastland 2010), *rev'd*, 2012 WL 715981 (Tex. Crim. App. Mar. 7, 2012).[1]

Following issuance of the Eastland Court of Appeals's opinion and judgment, the State filed a petition for discretionary review. Leonard then filed with the court of criminal appeals a motion for bail pending appeal pursuant to

---

[1]The Texas Court of Criminal Appeals disposed of the State's petition for discretionary review the day before Leonard filed his appellate brief in this court. The court of criminal appeals' opinion has not yet become final; on May 9, 2012, the court of criminal appeals granted Leonard's motion for rehearing.

article 44.04(h) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 44.04 (West 2006). The State filed a response to Leonard's motion for bail, requesting that the court of criminal appeals impose reasonable conditions of bond.[2] The court of criminal appeals granted Leonard's motion for bail; set his bail at $20,000; and ordered "that the trial court order Appellant [Leonard] released from confinement assessed in this cause upon the posting of bail. Any sureties must be approved by the trial court." The court of criminal appeals did not order the imposition of any of the conditions requested by the State.

Subsequently, the trial court—in accordance with the court of criminal appeals's order setting bail at $20,000—signed an order setting Leonard's bond at $20,000 and imposed conditions on the bond.[3] Leonard filed a "Notice Of Appeal Regarding Bail Issue," and the trial court granted him permission to appeal.[4] Leonard argues in two points that under article 44.04(h) of the code of

---

[2]The conditions of bond sought by the State included the conditions that Leonard not have any contact with any minors under the age of eighteen; that Leonard report to the Community Supervision and Corrections Department of Tarrant County, Texas, on a weekly basis; that he permit the Supervision Officer to visit him at his home or elsewhere at any time; that he remain in Tarrant County, unless the trial court authorizes otherwise; and that he wear an ankle monitor.

[3]Leonard filed an objection to the trial court's imposition of conditions on his bond, and the trial court later signed an order amending the conditions. Leonard does not challenge the individual conditions imposed but maintains his position that the trial court lacked authority to impose any conditions on the bail set by the court of criminal appeals.

[4]Leonard states in his brief that a reporter's record—evidently from the hearing concerning imposition of the bond conditions—is unnecessary because

3

criminal procedure, the trial court had no authority to set conditions on his bond and that the law of the case affirmatively prohibited the trial court from doing so because the court of criminal appeals did not.

### III. ARTICLE 44.04(H) DOES NOT PROHIBIT THE TRIAL COURT FROM SETTING CONDITIONS ON A BAIL AMOUNT SET BY THE COURT OF CRIMINAL APPEALS

### A. Standard of Review

We review issues of statutory construction de novo. *Hirsch v. State*, 282 S.W.3d 196, 201 (Tex. App.—Fort Worth 2009, no pet.). When interpreting statutes, courts must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). Toward that end, "we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* However, where application of a statute's plain language would lead to absurd consequences, or where "the language is not plain but rather ambiguous," a court may consider "such extratextual factors as executive or administrative interpretations of the statute or legislative history." *Id.* In this context, ambiguity exists when a statute may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous where it reasonably permits no more than

the issue presented is one of law, that being whether the trial court possessed authority to impose conditions on the bail set by the court of criminal appeals.

one understanding.  *Id.* (citing *State v. Neesley*, 239 S.W.3d 780, 783 (Tex. Crim. App. 2007)).  In interpreting statutes, we presume that the legislature intended for the entire statutory scheme to be effective.  *See* Tex. Gov't Code Ann. § 311.021(2) (West 2005); *Murray v. State*, 302 S.W.3d 874, 879, 881 (Tex. Crim. App. 2009) (in construing statute, looking to other provisions within entire "statutory scheme" rather than merely the single, discrete provision at issue).

## B.  Article 44.04 of the Code of Criminal Procedure

Code of criminal procedure article 44.04, which is titled "Bond pending appeal," sets forth when a defendant is entitled to bail pending appeal— depending on the crime committed and the punishment assessed—and sets forth which courts have authority to set bail amounts and conditions.  *See generally* Tex. Code Crim. Proc. Ann. art. 44.04.  The pertinent provisions are as follows:

(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged.

(c) Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final.  The court may impose reasonable conditions on bail pending the finality of his conviction.  On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

(d) After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant.

(e) Any bail entered into after conviction and the sureties on the bail must be approved by the court where trial was had. Bail is sufficient if it substantially meets the requirements of this code and may be entered into and given at any term of court.

. . . .

(h) If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr. App. R. 209(c).

*Id.* art. 44.04(b)–(e), (h).

## C. Analysis

Article 44.04(h) requires that, upon a motion requesting bail, a defendant who is in custody and whose conviction is reversed by a court of appeals is entitled to release on reasonable bail. *Id*. art. 44.04(h). The plain language of article 44.04(h) grants the court of criminal appeals the power to set the *amount* of bail pending appeal when an incarcerated defendant files a motion for bail after a petition for discretionary review has been filed. *See id.* (providing that "the

6

Court of Criminal Appeals shall determine the amount of bail"). But as pointed out by the State, article 44.04(h) does not authorize the court of criminal appeals to set any other aspect of the reasonable bail to which an incarcerated defendant whose conviction is reversed by a court of appeals is entitled. Indeed, the court of criminal appeals, as an appellate court, is ill-equipped to conduct the type of hearing often necessary to determine reasonable conditions of bail. *Accord Yates v. State*, 679 S.W.2d 538–41 (Tex. App.—Tyler 1984, pet. ref'd) (discussing issues, evidence, and conditions of bail pending appeal). The plain language of article 44.04(h) mandates that the trial court is to approve the sureties on the bail amount set by the court of criminal appeals via subsection (h). Tex. Code Crim. Proc. Ann. art. 44.04(h) (providing that "[t]he sureties on the bail must be approved by the court where the trial was had"). And subsection (c) authorizes the trial court to "impose reasonable conditions on bail pending the finality of [a defendant's] conviction"). *Id.* art. 44.04(c). Thus, after the court of criminal appeals sets the *amount* of bail pursuant to 44.04(h), the details of a defendant's release, including approval of sureties and setting reasonable conditions of bail, proceed in the trial court where the trial was had. *See id*. (authorizing the trial court to impose reasonable conditions on bail pending appeal). Thus, focusing on the literal text of the statute and presuming that the legislature intended for the entire statutory scheme to be effective, we hold that article 44.04(c) authorizes the trial court to set reasonable conditions of bail pending appeal, including pending disposition of a petition for discretionary

7

review filed by the State after an incarcerated defendant's conviction is reversed by a court of appeals and after the court of criminal appeals has set the amount of bail pursuant to article 44.04(h). *See Mahaffey*, 364 S.W.3d at 913.

Leonard contends that the case of *Ex parte Anderer* precludes application of subsection (c) to the present facts. 61 S.W.3d 398, 400–01 (Tex. Crim. App. 2001). In *Ex parte Anderer*, the court of criminal appeals set forth the seven classes of convicted defendants addressed in article 44.04 and explained which categories of convicted defendants were entitled to bail, which categories of convicted defendants were not entitled to bail, and which categories of convicted defendants could at the trial court's discretion be granted bail. *Id*. The court of criminal appeals in *Ex parte Anderer* then noted that when a defendant is in the sixth or seventh categories identified in the opinion—that is, on existing bail or not on bail—the trial court may impose reasonable conditions of bail. *Id*. at 400. Leonard argues that because he is a defendant whose conviction was reversed by an appellate court, he is in *Ex parte Anderer's* fourth category, not its sixth or seventh categories, so conditions could not be imposed upon his bail.

The problem with Leonard's interpretation of *Ex parte Anderer* is that the opinion does not hold that conditions of bail may be imposed only on defendants in categories six and seven. Leonard's interpretation of *Ex parte Anderer* does not take into account that subsection (h), by its terms, is applicable only to *incarcerated* defendants whose convictions have been reversed by a court of appeals. *See* Tex. Code Crim. Proc. Ann. art. 44.04(h) (providing that "[i]f a

8

conviction is reversed by a decision of a Court of Appeals, the defendant, *if in custody*, is entitled to release on reasonable bail") (emphasis added); *accord Abbott v. State*, 245 S.W.3d 23, 26 (Tex. App.—Waco, 2007, pet. dism'd) (applying article 44.04(h) to incarcerated defendant when appellate court reversed trial court's order denying defendant's motion for time credit). If a defendant whose conviction has been reversed by a court of appeals is already out on bail at the time of the appellate court's decision, subsection (h) does not apply. Instead, in that situation, subsection (c) authorizes a trial court to permit the defendant to remain at large on his existing bail and to impose reasonable conditions on bail pending the finality of his conviction. *See* Tex. Code Crim. Proc. Ann. art. 44.04(c); *accord Ex parte Anderer*, 61 S.W.3d at 399, 404 (upholding trial court's imposition of bail condition prohibiting appellant from driving motor vehicle during pendency of appeal). To construe article 44.04 as Leonard urges us to would mean that so long as an incarcerated defendant whose conviction was reversed by a court of appeals waited until after a petition for discretionary review was filed to seek bail pursuant to subsection (h), no conditions could ever be imposed on his bail or bond. But a defendant who was already out on bail and was not incarcerated when a court of appeals decision reversing his conviction was issued could be subjected to existing or additional conditions of bail pursuant to subsection (c). We decline to construe article 44.04 in this disparate manner that refuses to give effect to the statutory authority

9

granted to a trial court in subsection (c) to impose reasonable conditions of bail when a defendant is admitted to bail pending appeal.

We overrule Leonard's second point.

## IV. LAW OF THE CASE DOCTRINE IS NOT APPLICABLE

In his first point, Leonard argues that the law of the case doctrine prevents the trial court from imposing conditions of bail because the court of criminal appeals refused to impose any. The legal principle or doctrine of law of the case provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal. *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987). Here, the court of criminal appeals determined only the amount of Leonard's bail; it did not either grant or deny the State's request that conditions of bail be imposed. Because the court of criminal appeals did not rule one way or the other on the issue of whether conditions should be imposed on Leonard's bail, no resolution of that issue exists to bind the trial court. We therefore hold that the law of the case doctrine does not apply. We overrule Leonard's first point.

## V. CONCLUSION

Having overruled both of Leonard's points, we affirm the trial court's order imposing conditions on his bail.

SUE WALKER
JUSTICE

10

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J., concurs without opinion.

PUBLISH

DELIVERED:  August 2, 2012