**Ex parte Johnny Rex FULCE, Applicant.**

**No. 73,161.**

Court of Criminal Appeals of Texas.

May 19, 1999.

Johnny Rex Fulce, pro se.

J. Frank Long, Dist. Atty., Sulphur Springs, Matthew Paul, State's Atty., Austin for State.

## *OPINION*

MEYERS, J., delivered the unanimous opinion of the Court.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Code of Criminal Procedure article 11.07. Applicant was convicted of possession of cocaine and his punishment was assessed at two years imprisonment after his community supervision was revoked.[1]

Applicant contends his community supervision expired before he allegedly committed the violations of the conditions for which his community supervision was revoked. The record reflects that on February 18, 1994, Applicant was convicted and placed on community supervision for a period of two years. A motion to revoke

applicant's community supervision was filed on February 15, 1995. The trial court subsequently found Applicant had violated conditions of community supervision, but did not revoke it. An order entered March 17, 1995, continued the community supervision, but imposed an additional special condition that Applicant be:

> required to serve a term of confinement and treatment in a substance abuse treatment facility under [V.T.C.A. Gov't.Code § 493.009(b)] for a term of not less than six (6) months or more than one (1) year, and upon successful completion of the program, the defendant is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse, abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program.

The order made no reference to extending the period of community supervision.

On March 6, 1996, the trial court entered an order that Applicant be released from the treatment program by July 14, 1996. On July 3, 1996, the trial court entered another order extending the period of community supervision for one year and another order entered December 3, 1996, further extending the period to February 18, 1998. The trial court entered an order revoking community supervision on August 22, 1997.

▇ A trial court having jurisdiction over a defendant placed on community supervision is authorized to alter or modify the conditions of community supervision at any time "during the period of community supervision." TEX.CODE CRIM. PROC. art. 42.12 § 11. For offenses committed before September 1, 1993, a court could "[ex-

---

**1.** Applicant has since been released on mandatory supervision, but is still "confined" by the conditions of mandatory supervision and by the collateral consequences of a final conviction rather than a community supervision period which has been served out. TEX.CODE CRIM. PROC. art. 11.07, § 3(c); *see Ex parte Elliott,* 746 S.W.2d 762 (Tex.Crim.App.1988).

tend] the period of probation for a period not to exceed one year" after finding in a § 24 revocation hearing that the probationer violated a condition of community supervision. TEX.CODE CRIM. PROC. art. 42.12 § 25(b) (1991).[2] A court has no authority to act outside the periods permitted by statute. *See Houlihan v. State,* 579 S.W.2d 213 (Tex.Crim.App.1979)(trial court may not grant shock probation more than 120 days after execution of sentence actually begins).

 Applicant's original community supervision was scheduled to expire on February 17, 1996, unless the trial court extended it pursuant to article 42.12 § 25(b), supra. The trial court conducted the § 24 hearing within the period of community supervision, found a violation, and modified the conditions of community supervision. Regardless of whether the order modifying the conditions extended the period, the orders dated July 3, 1996 and December 3, 1996, purportedly extending the period of supervision, were entered well after applicant's community supervision expired. All actions after that date were not authorized. The revocation of Applicant's community supervision was a nullity. Applicant is entitled to relief.

Relief is granted. The judgment in cause number 6655 in the 8th Judicial District Court of Franklin County revoking Applicant's community supervision is vacated, and Applicant is discharged from all supervision in this cause.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, institutional and parole divisions.

---

2. This provision has since been amended and renumbered § 22(c), but the amending legislation provided that the changes applied only to offenses committed on or after the effective date of the amendment. 73rd Leg., Ch. 900, § 4.02, effective September 1, 1993. The amended version permits extension of the period of community supervision within one year after the expiration date if a motion to revoke has been filed before the original period expired.