No. 04-00-00130-CR


Augustin CALDERON,

Appellant


v.


The STATE of Texas,

Appellee


From the 187th Judicial District Court, Bexar County, Texas

Trial Court No. 93-CR-3045W

Honorable Raymond Angelini, Judge Presiding


PER CURIAM

Dissenting opinion by: Alma L. López, Justice; joined by Phil Hardberger, Chief Justice


Opinion on the State of Texas' Motion for Rehearing En Banc



Sitting: Phil Hardberger, Chief Justice 

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: March 13, 2002


AFFIRMED


 In an opinion and judgment dated February 28, 2001, we affirmed the trial court's judgment.
The State of Texas filed a motion for rehearing en banc, taking issue with how the panel arrived at
its judgment. We grant the motion, withdraw our opinion and judgment of February 28, 2001, and
issue this opinion and judgment in its place. The appellant, Augustin Calderon, challenges the
revocation of his probation in this appeal. In a single issue, Calderon complains that the trial court
lacked jurisdiction to revoke his probation. Because we hold that the trial court had jurisdiction, we
affirm. 

Factual and Procedural Background


 Pursuant to a plea bargain, Calderon pled guilty to the offense of driving while intoxicated,
a third offense. On May 27, 1993, the trial court sentenced Calderon to four years confinement. The
trial judge suspended Calderon's sentence and placed him on community supervision for a period of
four years. Calderon's term of supervision under the suspended sentence would have ordinarily
terminated on May 27, 1997; however, on January 3, 1997, the trial court extended Calderon's
probation for one year-until May 27, 1998. Calderon acknowledged the extension by signing a
document entitled "Terms and Conditions of Community Supervision" on January 16, 1997. 

 On May 29, 1997, two days after the original supervisory period was to end, the State filed
a motion to revoke Calderon's probation. The State filed a supplemental motion to revoke on
December 8, 1999, alleging that Calderon failed to report to his probation officer on various specified
occasions. At the hearing on the State's motion to revoke on January 26, 2000, Calderon pled "true"
to violating the conditions of his probation by failing to report. The trial judge accepted Calderon's
plea, revoked his probation, and reformed the sentence to two years confinement. 


Trial Court's Jurisdiction


 On appeal, Calderon complains that the trial court lacked jurisdiction to revoke his probation
under Texas Code of Criminal Procedure article 42.12 because the State's motion to revoke was filed
after the trial court improperly extended his community supervision. Specifically, Calderon contends
that the trial court did not have jurisdiction or authority to extend the original term of his original
community supervision because the record does not reflect that a motion to revoke his community
supervision was filed by the State, that he was represented by counsel, or that a hearing was
conducted prior to the trial court's revocation action. In essence, Calderon argues that by failing to
follow the proper procedure, the trial court's order extending his community supervision on January
3, 1997 was void, and that his community supervision expired on May 27, 1997. Because the motion
to revoke was filed on May 29, 1997-after the original term expired, Calderon argues that the trial
court lacked jurisdiction to revoke his probation on January 26, 2000.

 A trial court has only the power granted to it by the Code of Criminal Procedure in dealing
with community supervision. Article 42.12 of the Code grants a trial court discretion, "in the best
interest of justice," to suspend a sentence and place a defendant on community supervision. Tex.
Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon Supp. 2000). The Code authorizes a trial court
having jurisdiction over a defendant placed on community supervision to later alter or modify the
conditions of community supervision "at any time, during the period of community supervision." Id.
§ 11(a); Ex Parte Fulce, 993 S.W.2d 660, 661 (Tex. Crim. App. 1999). 

 Calderon relies on Section 22 of Article 42.12 for the proposition that a hearing is required
before the court may extend a period of community supervision. Section 22 states, "If after a
hearing under Section 21 of this article a judge continues or modifies community supervision after
determining that the defendant violated a condition of community supervision, the judge may impose
any other conditions the judge determines are appropriate, including . . . an increase in the period of
community supervision, in the manner described by Subsection (b) of this section . . . ." (1) Tex. Code
Crim. Proc. Ann. art. 42.12, § 22(a) (emphasis added). Therefore, a hearing is required under
Section 22(a) only to the extent such a hearing is required under Section 21.

 Section 21, entitled "Violation of Community Supervision: Detention and Hearing," provides
as follows:

 At any time during the period of community supervision the judge may issue
a warrant for violation of any of the conditions of the community supervision and
cause the defendant to be arrested. Any supervision officer, police officer or other
officer with power of arrest may arrest such defendant with or without a warrant upon
the order of the judge to be noted on the docket of the court. A defendant so arrested
may be detained in the county jail or other appropriate place of confinement until he
can be taken before the judge. Such officer shall forthwith report such arrest and
detention to such judge. If the defendant has not been released on bail, on motion
by the defendant the judge shall cause the defendant to be brought before the judge
for a hearing within 20 days of filing of said motion, and after a hearing without a
jury, may either continue, extend, modify, or revoke the community supervision. A
judge may revoke the community supervision of a defendant who is imprisoned in a
penal institution without a hearing if the defendant in writing before a court of
record in the jurisdiction where imprisoned waives his right to a hearing and to
counsel, affirms that he has nothing to say as to why sentence should not be
pronounced against him, and requests the judge to revoke community supervision
and to pronounce sentence. In a felony case, the state may amend the motion to
revoke community supervision any time up to seven days before the date of the
revocation hearing, after which time the motion may not be amended except for good
cause shown, and in no event may the state amend the motion after the
commencement of taking evidence at the hearing. The judge may continue the
hearing for good cause shown by either the defendant or the state.


Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (emphasis added).

 Section 21(b) clearly requires a hearing before the trial court may continue, extend, modify,
or revoke community supervision if a defendant is held in confinement; and the Court of Criminal
Appeals has held that a defendant has a constitutional right to a revocation hearing under Section
21(b). Ex Parte Bates, 978 S.W.2d 575, 578 (Tex. Crim. App. 1998). However, Section 21(b) does
not expressly require a hearing when a defendant is not held in confinement. Section 21(b) is silent
on this issue, and we construe the Legislature's silence as not requiring a hearing before the trial court
may extend community supervision for a defendant who is not held in confinement based on an
alleged probation violation. 

 Nor is a hearing required under Section 22(c), which grants discretion to a trial court to 

 extend a period of community supervision under this section as often as the judge
determines is necessary, but the period of community supervision in a first, second,
or third degree felony case may not exceed 10 years and, except as otherwise
provided by this subsection, the period of community supervision in a misdemeanor
case may not exceed three years. A court may extend a period of community
supervision under this section at any time during the period of supervision or, if a
motion for revocation of community supervision is filed before the period of
supervision ends, before the first anniversary of the date on which the period of
supervision expires.


Tex. Code Crim. Proc. Ann. art. 42.12, § 22(c) (emphasis added). (2) 

 We interpret Section 22(c) as authorizing a judge to extend a period of community
supervision "as often as the judge determines is necessary," and such action may be taken with or
without a motion for revocation or a hearing. See Warmoth v. State, 946 S.W.2d 526, 527 (Tex.
App.--Fort Worth 1997, no pet.) (holding that a judge may, either with or without a hearing, extend
the period of supervision under Section 22(c)); see also Ex parte Harrington, 883 S.W.2d 396, 400
(Tex. App.--Fort Worth 1994, pet. ref'd) ("While affording a probationer written notice and a formal
hearing prior to an extension of probation may be considered the better practice, we agree with the
federal case law holding that such procedures are not a constitutionally commanded right."). (3)

 We agree with the federal courts cited in Harrington that there is a "great potential for abuse"
in circumstances such as this; however, we presume trial judges exercise their discretion within the
parameters of the law as written. The purpose of Article 42.12 is to "place wholly within the state
courts the responsibility for determining when the imposition of sentence in certain cases shall be
suspended, the conditions of community supervision, and the supervision of defendants placed on
community supervision, in consonance with the powers assigned to the judicial branch of this
government by the Constitution of Texas. It is the purpose of this article to remove from existing
statutes the limitations, other than questions of constitutionality, that have acted as barriers to
effective systems of community supervision in the public interest." Tex. Code Crim. Proc. Ann.
art. 42.12, § 1. Unfortunately, over the years, various amendments to Article 42.12 have resulted in
a bewildering patchwork quilt of procedures governing community supervision. Because the
language of Article 42.12 at times defeats its stated purpose, we are loath to hold that a trial court
abused its discretion when acting--or attempting to act--properly within the confines of the article.
Until the Legislature makes it clear, or the Court of Criminal Appeals provides clear guidance, that
a hearing to extend the term of community supervision is required under Article 42.12 when a
defendant is not held in confinement, we will not read such a requirement into that article. (4)
Therefore, we affirm the trial court's judgment.

 PER CURIAM

PUBLISH
1. Subsection (b) states: "If the judge imposes a sanction under Subsection (a)(4) of this section, the judge shall
also impose a condition requiring the defendant on successful completion of the program to participate in a drug or
alcohol abuse continuum of care program." Tex. Code Crim. Proc. Ann. art. 42.12, § 22(b).
2. We quote this section as it existed at the time of Calderon's offense. In 1993, this section, originally
numbered 25(b), was amended and renumbered 22(c). The amending legislation provided that the changes applied
only to offenses committed on or after the effective date of the amendment. 73rd Leg., Ch. 900, § 4.02, effective
September 1, 1993. The language pertinent to this appeal was not changed; therefore, in this opinion, we refer to the
amended and renumbered Section 22(c).
3. The Harrington court relied on federal cases in which a defendant complained that his due process rights
were violated because he was not given notice and an opportunity to be heard before his probationary term was
extended. See United States v. Cornwell, 625 F.2d 686 (5th Cir. 1980); Forgues v. United States, 636 F.2d 1125 (6th
Cir. 1980); United States v. Carey, 565 F.2d 545 (8th Cir. 1977); Skipworth v. United States, 508 F.2d 598 (3rd Cir.
1975). In each case, the circuit court held there was no constitutional violation in an ex parte extension of probation.
Cornwell, 625 F.2d at 688; Forgues, 636 F.2d at 1127; Carey, 565 F.2d at 547; Skipworth, 508 F.2d at 602. However,
the Cornwell, Forgues, and Skipworth courts recognized "the great potential for prejudice," and, exercising their
supervisory powers, ordered districts courts in the future to provide the defendant with notice and an opportunity to
be heard before the court acted on the proposed extension. Cornwell, 625 F.2d at 689; Forgues, 636 F.2d at 1127;
Skipworth, 508 F.2d at 602-03. Texas appellate courts do not have supervisory power over trial courts; however, we
agree with the Harrington court that notice and a hearing is the better practice, and we encourage judges to afford
defendants the opportunity to be heard.
4. We assume that, when the Legislature enacted Article 42.12, it was aware that trial courts extend the
supervisory period without a hearing as a matter of routine.