**Opinion filed April 15, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00032-CR
_____

## WILLIAM THOMAS LEONARD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 371st District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 0908775D**

## O P I N I O N

William Thomas Leonard received deferred adjudication for injury to a child – bodily injury. The trial court found that he violated a condition of his community supervision, adjudicated his guilt, and sentenced him to seven years confinement. We reverse and remand.

### I. *Background Facts*

Leonard pleaded guilty to injury to a child – bodily injury and was sentenced to five years deferred adjudication and a $750 fine. The conditions of Leonard's community supervision required him to submit to evaluation for sex offenders and to attend and successfully

complete psychological counseling/treatment sessions for sex offenders. Leonard was also required to submit to polygraph exams and to show no deception on any polygraph or other diagnostic test or evaluation.

The State filed a petition to proceed to adjudication, alleging that Leonard had been unsuccessfully discharged from sex offender treatment, failed to make satisfactory progress in the timely completion of his treatment, failed to pass polygraph examinations, failed to pay a supervision fee, and failed to pay his fine. The State waived the failed polygraph exams, unpaid supervision fee, and unpaid fine allegations at the revocation hearing. Leonard pleaded not true to being unsuccessfully discharged and to not making satisfactory progress in his treatment.

The State called psychotherapist George Michael Strain as a witness. Leonard was referred to him for therapy. Strain testified that he discharged Leonard from treatment for failing five polygraphs. Strain testified that he used polygraph examinations as part of sex offender treatment and that he and other experts in his field reasonably relied upon them. Leonard presented no evidence. The trial court found the State's allegation that Leonard had been unsuccessfully discharged from sex offender treatment true but found the failure to make satisfactory progress allegation not true. The trial court found Leonard guilty of injury to a child-bodily injury, revoked his community supervision, and sentenced him to seven years confinement.

## II. *Issues*

Leonard challenges his adjudication with five issues, all of which contend that the trial court erred by considering and acting upon his polygraph test results.

## III. *Discussion*

A. *Standard of Review.*

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the evidence is reviewed in the light most favorable to the trial

2

court's ruling. *Id.* at 493. Proof of one violation of the conditions of community supervision is sufficient to support a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (Vernon Supp. 2009).

  B. *Polygraph Exams.*

  This case presents an interesting paradox: courts routinely require sex offenders on community supervision to take and pass polygraph exams – even though their mere existence, let alone results, is inadmissible. The propriety of that practice is not at issue here. If the trial court can order a polygraph but is prohibited from hearing any polygraph evidence, how does it monitor compliance and is there any consequence to lying during an exam?

  Polygraph examinations are regularly imposed as a condition of community supervision for sex offenders.[1] One court has held that this is a reasonable condition,[2] and Leonard concedes that it was appropriate in his case. But Texas law is clear that the existence and results of a polygraph examination are inadmissible for *all purposes.*[3] The ban on polygraph evidence is comprehensive. It applies "[e]ven if the State and the defendant agree and stipulate to use the results of a polygraph at trial."[4] And it applies to revocation proceedings.[5]

  The State acknowledges that polygraphs are generally inadmissible but argues that Leonard's test results were admissible under TEX. R. EVID. 703 because Strain was an expert and because he testified that experts in his field reasonably rely upon polygraph exams when treating sex offenders. The State assumes that heretofore polygraph test results have been excluded because there was insufficient evidence of reliability in each case. But in fact, polygraph test

---

[1]The following cases note that taking a polygraph exam was a term or condition of community supervision: *Oveal v. State*, No. 14-09-00124-CR, 2010 WL 547065 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, no pet. h.) (mem. op., not designated for publication); *Whitton v. State*, No. 14-08-00611-CR, 2010 WL 307911 (Tex. App.—Houston [14th Dist.] Jan. 28, 2010, no pet.) (mem. op., not designated for publication); *Henry v. State*, No. 01-09-00145-CR, 2009 WL 3491051 (Tex. App.—Houston [1st Dist.] Oct. 29, 2009, no pet.) (mem. op., not designated for publication); *Stracener v. State*, 06-08-00045-CR, 2009 WL 3364979 (Tex. App.—Texarkana Oct. 21, 2009, no pet.) (mem. op., not designated for publication); *Wood v. State*, No. 03-08-00464-CR, 2009 WL 1364352 (Tex. App.—Austin May 14, 2009, no pet.) (mem. op., not designated for publication); *Jones v. State*, Nos. 14-07-00900-CR & 14-07-00901-CR, 2009 WL 839660 (Tex. App.—Houston [14th Dist.] Mar. 31, 2009, no pet.) (mem. op., not designated for publication); *Few v. State*, No. 01-01-00678-CR, 2002 WL 1869600 (Tex. App.—Houston [1st Dist.] Aug. 15, 2002, no pet.); *Brisco v. State*, No. 01-00-00762-CR, 2002 WL 595075 (Tex. App.—Houston [1st Dist.] April 18, 2002, pet. ref'd) (op. on rehearing, not designated for publication).

[2]*See Ex parte Renfro*, 999 S.W.2d 557, 560 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

[3]*Tennard v. State*, 802 S.W.2d 678, 683 (Tex. Crim. App. 1990).

[4]*Nethery v. State*, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985).

[5]*See Nesbit v. State*, 227 S.W.3d 64, 66 n.4 (Tex. Crim. App. 2007) (noting the prohibition on polygraph evidence while discussing the evidence (including a failed polygraph exam) that was offered during a revocation proceeding).

results are inadmissible because the Court of Criminal Appeals has determined that, as a matter of law, they are unreliable.[6] Consequently, the trial court did not have the discretion to consider Leonard's test results under Rule 703.

The State also argues that, because a polygraph exam can be a condition of community supervision, it is only logical to require a defendant to show no deception during a test and that, otherwise, polygraph exams will lose much of their benefit. The State cites us decisions from several other state and federal courts that it contends support the use of polygraph tests when determining whether to revoke community supervision. Those decisions are not binding upon this court. Unless, and until, the Court of Criminal Appeals lifts its ban on polygraph test results, trial courts lack the discretion to revoke an individual's community supervision for failing an exam.

Finally, the State argues that Leonard was not revoked for failing a polygraph but that he was revoked because Strain did not believe he was telling the truth and, therefore, was putting other children at risk. The failed exams were not merely a tool Strain used as part of a larger diagnostic process. Leonard's test results were the sole basis for his discharge. Strain was asked:

> Q. Mr. Strain, why was Mr. Leonard discharged from treatment?
>
> A. Because he failed five polygraphs.
>
> Q. And so you're saying that was your reason for unsuccessfully discharging him from treatment?
>
> A. That's correct.
>
> . . . .
>
> Q. Mr. Strain, to make sure on this, the – the – as you related to me yesterday, the sole basis for your making the discharge was because of this – because of the reasons that you previously stated to the prosecutor regarding polygraphs?
>
> A. That's correct.
>
> . . . .

---

[6]*Romero v. State*, 493 S.W.2d 206, 210-11 (Tex. Crim. App. 1973).

Q. Okay. With – and your – your basis for your testimony of saying that you were concerned that he was not being completely honest with him rests entirely on the failure of the polygraphs; is that correct?

A. Yes, it does.

Leonard's revocation was, essentially, trial by polygraph.

The trial court abused its discretion by considering evidence of Leonard's failed polygraph exams when determining whether to revoke his community supervision. When that evidence is excluded, the trial court abused its discretion by revoking Leonard's community supervision. Leonard's first, second, and third issues are sustained. This holding makes it unnecessary to address his fourth or fifth issues.

We do not hold that polygraph exams cannot be imposed as a condition of community supervision or used as part of a sex-offender treatment program. Even though the test results are inadmissible, polygraph exams allow treatment providers to monitor compliance, and they can serve as a catalyst for further investigation.[7] Nor do we hold that the failure to take a test is inadmissible or that trial courts lack the discretion to revoke community supervision for failing or refusing to take a court-ordered polygraph.

IV. *Conclusion*

The judgment adjudicating Leonard's guilt is reversed, and the cause is remanded to the trial court.


RICK STRANGE
JUSTICE


April 15, 2010

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[7]*See Renfro*, 999 S.W.2d at 560-61.