**Motion for Rehearing Denied; Memorandum Opinion Issued April 25, 2013 Withdrawn; Dismissed and Substitute Memorandum Opinion filed May 30, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00409-CR

### ANTHONY LAWRENCE TAYLOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 47389**

## S U B S T I T U T E   M E M R O A N D U M   O P I N I O N

We order our memorandum opinion issued April 25, 2013, withdrawn and issue this substitute memorandum opinion. We deny appellant's motion for rehearing as moot.

Appellant Anthony Lawrence Taylor challenges his conviction for sexual assault of a child, alleging that the State's motion to adjudicate his guilt was filed after his period of deferred adjudication ended. Thus, he asserts that the trial court

lacked jurisdiction to revoke his community supervision, find him guilty of the original offense, and sentence him to ten years' confinement. We dismiss this appeal for want of jurisdiction because appellant actually attempts to challenge on direct appeal an earlier order modifying the conditions of his community supervision.

## BACKGROUND

On August 25, 2005, appellant pleaded guilty to the offense of sexual assault of a child. Pursuant to a plea agreement, he was placed on five years' deferred-adjudication community supervision, which was initially set to expire on August 25, 2010. In June 2006, the State filed a motion to adjudicate his guilt; appellant was arrested in late July 2006. Nothing in our record indicates that appellant either was released on bail or filed a motion to be brought before the judge for a hearing on the alleged violations.[1] The State filed a motion to amend appellant's community supervision on September 28, 2006, seeking to extend the probationary period for two years, and a motion to dismiss its June 2006 motion to adjudicate guilt.[2] That same day, the trial court entered orders extending appellant's period of

---

[1] *See* Tex. Code Crim. Proc. art. 48.12, §21(b) (requiring that arresting officer or person with custody of arrested person "not later than 48 hours after the person is arrested" take him before judge who ordered arrest or a magistrate and providing that only judge who ordered arrest for alleged violation of community supervision may authorize defendant's release on bail), §21(c) ("If the defendant has not been released on bail . . . , *on motion by the defendant* the judge who ordered the arrest for the alleged violation of a condition of community supervision shall cause the defendant to be brought before the judge for a hearing on the alleged violation within 20 days of filing of said motion[.]" (emphasis added).). "Th[is] statutory scheme clearly contemplates that, after arrest, the defendant carries the 'burden of pursuing a prompt hearing.'" *Ballard v. State*, 126 S.W.3d 919, 921 (Tex. Crim. App. 2004). Here, the record does not reflect that appellant carried that burden.

[2] *See* Tex. Code Crim. Proc. art. 48.12, §22(c) (permitting a judge to extend a period of community supervision on a showing of good cause "as often as the judge determines is necessary" during the period of community supervision). This section of the Code of Criminal Procedure has been interpreted to permit a trial court to extend a probationer's period of community supervision with or without a revocation motion and with or without a hearing. *See*

2

community supervision until August 25, 2012, and dismissing the State's motion to adjudicate guilt.

On appellant's application, the trial court ordered appellant's community supervision amended on November 16, 2006, permitting him to move residences and report to a Community Supervision Officer in Smith County, Texas. On June 29, 2007, the trial court again amended appellant's community supervision, ordering appellant to submit to a period of detention of six days in the Brazoria County, Texas jail based on a violation of one of the conditions of his community supervision. On that same date, the trial judge ordered appellant to complete 48 hours of community service in lieu of the six days of confinement. On August 30, 2007, a report of violation of community supervision was filed with the Brazoria County court, alleging several violations of appellant's community supervision. The trial court ordered a summons issued to appellant, commanding him to appear on September 27, 2007, so that the court could determine whether appellant's community supervision should be amended or a "motion to revoke" his community supervision should be filed. On November 30, 2007, the State filed another motion to adjudicate appellant's guilt. Also on November 30, the trial court issued a capias order for appellant's arrest. Appellant was arrested on December 4, 2007, and he posted bond that same day. After two resets, the trial court heard this motion in late May 2008. On May 30, 2008, the trial court entered an order amending appellant's community supervision, extending it until August 25, 2013.

On December 19, 2011, the State again filed a motion to adjudicate guilt. Appellant was arrested on January 5, 2012 pursuant to the trial court's order. The

---

Tex. Code Crim. Proc. art. 42.12, § 22(c); *see also Calderon v. State*, 75 S.W.3d 555, 561 (Tex. App.—San Antonio 2002, pet. ref'd) (op. on reh'g) (per curiam); *Warmoth v. State*, 946 S.W.2d 526, 527 (Tex. App.—Fort Worth 1997, no pet.); *Ex parte Harrington*, 883 S.W.2d 396, 400 (Tex. App.—Fort Worth 1994, pet. ref'd).

trial court heard the State's motion to adjudicate appellant's guilt on March 21 and 22, 2012. Appellant pleaded "true" to five of the alleged violations. The trial court found twenty of the alleged violations to be true. The trial court found appellant guilty of the original charge and sentenced him to ten years' confinement. This appeal timely ensued.

## ANALYSIS

Appellant contends in his sole issue on appeal that the State's motion to adjudicate guilt was filed after his community supervision period expired. Appellant's issue rests on the underlying premise that the September 28, 2006 extension of his community supervision, described above, was "unlawful and void."[3] He asserts that this extension was void because he had been arrested and was incarcerated at the time the trial court extended his community supervision, and the trial court failed to provide a hearing or ensure that he was represented by counsel as required by article 42.12 of the Texas Code of Criminal Procedure.[4] Effectively, appellant is attempting to attack by direct appeal that order modifying the terms of his community supervision.[5]

---

[3] Appellant never raised this complaint before the trial court. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (concluding that appellant did not preserve selective prosecution complaint made on appeal from revocation of deferred-adjudication community supervision by failing to bring complaint to trial court's attention in a timely and specific manner). Moreover, appellant has not explained why the trial court lacked authority to extend his community supervision under section 22(c) of article 42.12, which, as noted above, does not require the trial court to conduct a hearing.

[4] The record contains a reset form, filed August 31, 2006, resetting appellant's case for "PreTrial" to September 28, 2006. This reset form is signed by both appellant and his attorney and was approved by the trial court. Thus, it appears that appellant was represented by counsel during the relevant time period.

[5] We note that, had the trial court adjudicated appellant's guilt on September 26, 2006, rather than extending his period of community supervision, appellant would have had no right of appeal of that determination. *See Davis*, 195 S.W.3d at 711–12 (determining that, under language of section 5 of Code of Criminal Procedure article 42.12 in effect in 2006, "the

4

Some aspects of a deferred adjudication proceeding are appealable and some are not. We therefore must sort through various rulings a trial court may make in the course of a deferred adjudication proceeding to determine which are appealable. *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). A trial court's order extending community supervision is a modification of the conditions of community supervision. *See* Tex. Code Crim. Proc. art. 42.12, §§ 22(a)(2), (c); 22A(a), (b). There is no statutory authority for entertaining a direct appeal from an order modifying the conditions of community supervision. *Davis*, 195 S.W.3d at 710; *Prevato v. State*, 77 S.W.3d 317, 318 n.2 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). As a result, we lack jurisdiction over this appeal, which, as noted above, is in actuality a challenge to the trial court's September 28, 2006 order modifying the terms of appellant's community supervision.[6] *See Christopher*, 7 S.W.3d at 225.

---

Legislature has specifically barred appeal from the determination to adjudicate" and concluding that even jurisdictional attacks on trial court's adjudication could not be advanced on appeal). The Legislature has since modified this section, permitting review of determinations to adjudicate guilt "in the same manner as a revocation hearing under Section 21 of this article in a case in which an adjudication of guilt has not been deferred." Tex. Code Crim. Proc. art. 42.12, § 5(b).

[6] Appellant cites *Ex parte Fulce*, 993 S.W.2d 660, 661–62 (Tex. Crim. App. 1999), to support his argument that the trial court lacked jurisdiction to adjudicate his guilt. First, we note that *Fulce* involved a post-conviction application for a writ of habeas corpus, rather than a direct appeal. *Id.* at 661. Second, in *Fulce*, the applicant's community supervision was set to expire on February 18, 1996. *See id.* The trial court entered an order on March 17, 1995 that imposed a special condition, but it did not extend the period of his community supervision. *Id.* On July 3, 1996, the trial court entered an order extending his community supervision by one year and on December 3, 1996 entered another order extending it to February 18, 1998. *Id.* The trial court revoked his community supervision on August 22, 1997. *Id.* The Court of Criminal Appeals held that, even if the March 17, 1995 order imposing the special condition extended the applicant's period of community supervision by the statutory maximum permissible period of one year, the later extension orders "were entered well after applicant's community supervision expired." *See id.* at 661–62. The *Fulce* court concluded that the revocation of his community supervision was a "nullity." *Id.* at 662. *Fulce* is distinguishable not only because it involved a

## CONCLUSION

Appellant has couched his appeal as an attack on the trial court's jurisdiction to adjudicate his guilt. But the resolution of his complaint hinges on the validity of the trial court's September 28, 2006 order modifying the conditions of his community supervision. We lack jurisdiction to entertain a direct appeal from an order modifying the conditions of community supervision. Accordingly, we dismiss this appeal.


/s/     William J. Boyce
Justice

Panel consists of Justices Frost, Boyce, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

post-conviction writ, but also because the trial court attempted to extend the applicant's community supervision *after* it had expired. *See id.* Neither of these factors are present here; thus, *Fulce* provides no support for appellant's position.