

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00081-CV

IN RE WILLIAM THOMAS
LEONARD

RELATOR

----------

## ORIGINAL PROCEEDING

----------

## OPINION

----------

## I. Introduction

Relator William Thomas Leonard seeks mandamus relief from the trial

court's December 4, 2012 order purporting to extend Leonard's term of

community supervision an additional five years.[1]  Leonard contends that the trial

---

[1]Leonard originally appealed from the December 4, 2012 order, but in his response to our jurisdictional inquiry, he requested that the court treat his appeal as an original proceeding for mandamus relief.  The court thereafter converted

court had no jurisdiction in December 2012 to extend the term of his community supervision because his original five-year term expired in November 2009. We conditionally grant Leonard's petition for writ of mandamus.

## II. Background

Leonard pleaded guilty on November 24, 2004, to bodily injury to a child. The trial court deferred adjudication of Leonard's guilt and placed him on community supervision for a term of five years beginning that same day. The terms of Leonard's community supervision were supplemented or amended numerous times between 2004 and 2008, but the five-year term was never extended. In October 2008, the State moved for adjudication of Leonard's guilt, alleging in part that Leonard had on two occasions "submitted to polygraph testing and revealed significant criteria indicative of deception," and a capias issued for Leonard's arrest. After a hearing on December 5, 2008, the trial court adjudicated Leonard guilty and sentenced him to seven years' incarceration.

Leonard appealed his adjudication of guilt, and his original five-year term of community supervision expired in November 2009 while his appeal was pending. On April 15, 2010, the Eastland Court of Appeals reversed Leonard's conviction, and the Texas Court of Criminal Appeals affirmed the reversal on November 21, 2012. *See Leonard v. State*, 315 S.W.3d 578 (Tex. App.—Eastland 2010), *aff'd*, 385 S.W.3d 570 (Tex. Crim. App. 2012). The court of

this proceeding into an original proceeding for mandamus relief and permitted the State an opportunity to respond.

2

criminal appeals's mandate issued on December 17, 2012. On December 4, 2012, however, the trial court signed an order purporting to extend Leonard's community supervision for five additional years, said extension retroactively beginning on August 2, 2012.

### III. Discussion

Article 42.12, section 21(b) of the code of criminal procedure provides, "At any time during the period of community supervision the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested." Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (West Supp. 2012). Section 21(e) further provides that "[a] court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired" if the State files a motion to revoke, continue, or modify the community supervision and a capias for the defendant's arrest is issued before the expiration of the period of community supervision. *Id.* art. 42.12, § 21(e).

However, the filing of a motion to revoke does not toll the period of community supervision, even when there is an appeal from the revocation of community supervision. *Nicklas v. State*, 530 S.W.2d 537, 541 (Tex. Crim. App. 1975) (holding probationary term not tolled during pendency of appeal); *see Ex parte Miller*, 552 S.W.2d 164, 165 (Tex. Crim. App. 1977); *Maldonado v. State*,

115 S.W.3d 212, 214 (Tex. App.—Corpus Christi 2003, pet. ref'd) ("When an appeal is taken from an order revoking community supervision, the probationary period continues to run unabated until it expires or until a revocation order is entered and becomes final."); *Herrera v. State*, 756 S.W.2d 882, 883 (Tex. App.—Corpus Christi 1988, no pet.). Explaining this principle, the court of criminal appeals held as follows:

> The State further, in justification of the trial court's action, urges that the filing of the original motion and the issuance of the capias tolled the running of the probationary period [during the appeal]. The cases cited do not support that proposition. The State's argument, if carried to its logical conclusion, would mean that in every revocation of probation case reversed by this court long after the expiration of the probationary period an amended motion could then be filed on the claim that the filing of the original motion of revocation and the issuance of the warrant tolled the running of the probationary period. The law has never permitted this type of action after the expiration of the probationary period.

*Nicklas*, 530 S.W.2d at 541.

Leonard contends that, under these authorities, the trial court was without jurisdiction in December 2012 to extend his community supervision term because his five-year community supervision term was not tolled pending his appeal and therefore expired in November 2009. The State does not dispute that Leonard's term of community supervision had expired in November 2009 while Leonard's appeal remained pending, nor does the State argue that the trial court was permitted to rule for a second time on the State's 2008 motion to revoke. Rather, the State contends that Leonard should be estopped from challenging the trial

4

court's December 2012 order.  The State argues that "Relator was allowed to reap the benefits of deferred adjudication and now turns around and claims that the trial court had no authority or jurisdiction to extend his supervision as the time had expired while he was appealing the adjudication."  Estoppel, however, cannot apply if the trial court had no subject matter jurisdiction over Leonard's case.  *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) ("The only exception to this [estoppel by judgment] principle is for challenges to the subject-matter jurisdiction of the court rendering the judgment."); *see generally Gutierrez v. State*, 380 S.W.3d 167, 177 (Tex. Crim. App. 2012).  We must therefore determine whether the trial court had subject matter jurisdiction over Leonard's case in December 2012 when it purported to extend the term of his community supervision.

We agree with the State that the court of criminal appeals has differentiated between a trial court's subject matter jurisdiction and a trial court's authority to take certain actions.  *See, e.g.*, *Davis v. State*, 956 S.W.2d 555, 559–60 (Tex. Crim. App. 1997) (holding district court's untimely referral of case to magistrate was not jurisdictional issue that could be raised for first time on appeal); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981) (holding improper venue does not affect the district court's power to hear and determine a felony case); *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding) (holding trial court had no

5

jurisdiction to reinstate felony case following incorrect dismissal for violation of speedy trial act). We also agree that the court of criminal appeals has on occasion used the term "authority" rather than jurisdiction when referring to a trial court's ability to modify, extend, or revoke community supervision after expiration of the term. *See Ex parte Fulce*, 993 S.W.2d 660, 662 (Tex. Crim. App. 1999) ("A court has no authority to act outside the periods permitted by statute." (citing *Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979))). We cannot agree, however, that past references to a trial court's "authority" to extend, modify, or revoke community supervision currently mean that the trial court in this case lacked authority but did not lack jurisdiction to extend the term of Leonard's community supervision more than three years after the original five-year term had expired.

The express language of article 42.12, section 21(e) of the code of criminal procedure refers to a trial court's "jurisdiction" to revoke, continue, or modify the terms of a defendant's community supervision and provides that if the State files a motion to revoke, continue, or modify the community supervision and a capias for the defendant's arrest is issued before the expiration of the period of community supervision, "[a] court *retains jurisdiction* to hold a hearing . . . and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired." Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e) (emphasis added). Article 42.12,

6

section 5(h) also expressly states that a court "retains jurisdiction" to adjudicate guilt beyond the term of community supervision if the State had filed a motion to adjudicate and a capias had issued before the term expired. *Id.* art. 42.12, § 5(h).

Moreover, although the court of criminal appeals used the term "authority" in *Fulce* in 1999 when it wrote that "[a] court has no authority to act outside the periods permitted by statute," 993 S.W.2d at 662, the court of criminal appeals three years later expressly interpreted *Fulce* to mean that a trial court has no jurisdiction to act if there is no motion to revoke filed before the expiration of community supervision, holding,

> The applicant's probationary period expired without a pending motion to revoke. Under *Fulce*, any action taken after that was *without jurisdiction*. Both the trial court's order purporting to reinstate the motion to revoke probation, and the trial court's order revoking the applicant's probation, were entered outside the probationary period and *were thus made without jurisdiction*.

*Ex parte Donaldson*, 86 S.W.3d 231, 233 (Tex. Crim. App. 2002) (emphasis added) (citing *Fulce*, 993 S.W.2d at 662). Indeed, the court of criminal appeals just last year discussed the 2003 amendments to article 42.12 and began its analysis by stating, "At common law, a trial court's *jurisdiction* over a motion to revoke did not extend beyond the expiration of a defendant's community supervision unless the motion had been filed and a capias or arrest warrant issued within the supervision period." *Garcia v. State*, 387 S.W.3d 20, 22, 22–26 (Tex. Crim. App. 2012) (emphasis added) (discussing language of article 42.12,

section 24 and holding that statutory amendment "eliminated the common-law due-diligence defense and replaced it with the limited affirmative defense provided in the due-diligence statute").  Other courts, including this one, have similarly and consistently referred to a trial court's jurisdiction or lack thereof in the context of attempts to modify, extend, or revoke community supervision after the term's expiration.  *See In re Cherry*, 258 S.W.3d 328, 332, 334 (Tex. App.—Austin 2008, orig. proceeding) (op. on reh'g) (stating that absent motion to revoke and issuance of capias, "a trial court has no jurisdiction to modify community supervision after the supervision term has expired" and holding that trial court "lacked jurisdiction to do anything further in this case other than to discharge Cherry from probation"); *In re Hancock*, 212 S.W.3d 922, 929 (Tex. App.—Fort Worth 2007, orig. proceeding) (holding order purporting to clarify extension of community supervision was void because trial court "had no jurisdiction over the case" after term expired since no motion to revoke filed before expiration); *Polak v. State*, 907 S.W.2d 664, 664 (Tex. App.—San Antonio 1995, no pet.) (vacating judgment and holding trial court lacked jurisdiction to revoke probation and sentence Polak to confinement); *see also Weeks v. State*, Nos. 13-11-00628-CR, 13-11-00629-CR, 2013 WL 485792, at *2 (Tex. App.—Corpus Christi Feb. 7, 2013, no pet.) (mem. op., not designated for publication) (op. on reh'g) (holding that because motion to revoke was filed and capias issued before expiration of term, the trial "court thus retained jurisdiction to hear the

8

underlying felony theft case, despite the fact that [Weeks's] community supervision term expired"); *Townsley v. State*, No. 05-11-00921-CR, 2012 WL 6634679, at *2 (Tex. App.—Dallas Dec. 21, 2012, no pet.) (mem. op., not designated for publication) ("Generally, a trial court's jurisdiction over a defendant's criminal charge expires once the defendant successfully completes the period of deferred community supervision." (citing article 42.12, § 5(c))); *Baldwin v. State*, No. 07-12-00048-CR, 2012 WL 5456396, at *2–3 (Tex. App.—Amarillo Nov. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (holding trial court lacked jurisdiction to proceed to adjudication after community supervision term expired in absence of capias issued before expiration of term); *Reynolds v. State*, No. 02-02-00088-CR, 2003 WL 21197442, at *2 (Tex. App.—Fort Worth May 22, 2003, no pet.) (mem. op., not designated for publication) ("A trial court has jurisdiction to revoke community supervision after the term of community supervision has expired if the State filed a motion to revoke before expiration of the period and a capias or arrest warrant was issued before expiration of the period.").

In light of the plain language of article 42.12 and the cases holding that a trial court loses jurisdiction to extend, modify, or revoke community supervision in the absence of a motion and capias prior to expiration of the term of supervision, we hold that the trial court did not have jurisdiction in December 2012 to extend the term of Leonard's community supervision. *See* Tex. Code Crim. Proc. Ann.

9

art. 42.12, §§ 5(h), 21(e); *Cherry*, 258 S.W.3d at 332; *Hancock*, 212 S.W.3d at 929. The estoppel doctrine advanced by the State therefore does not apply. *See Rhodes*, 240 S.W.3d at 891. The trial court's December 4, 2012 order is void. *See Hancock*, 212 S.W.3d at 929.

## IV. Conclusion

Because the trial court's December 4, 2012 order is void, we conditionally grant the petition for writ of mandamus. Our writ will not issue unless the trial court refuses to vacate its December 4, 2012 order within ten days of the date of this opinion.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: June 6, 2013

10