

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00024-CR

_____

JANIE LYNNE BUIE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1200651

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Janie (also sometimes spelled "Jani") Lynne Buie entered an open plea of guilty to her second driving while intoxicated (DWI) offense and was sentenced to 275 days' confinement in the Hunt County Jail. Buie has appealed, contending that the prior DWI used to enhance[1] the level of this offense from a Class B misdemeanor to a Class A misdemeanor was not a proper basis to enhance her charge because the previous DWI case had been dismissed. *See* TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2012). She argues further that her counsel at trial rendered ineffective assistance when he failed to object to the introduction of that prior DWI conviction and that the trial court erred in denying a motion for new trial which questioned the use of the prior DWI case for the purposes of enhancing the level of offense. Because we find that the order of dismissal in the prior DWI case was a void order, we affirm the trial court's judgment.

The evidence, as introduced, shows the existence of a judgment entered against Buie in 2002. This was due to Buie having entered a plea of guilty, after which she was convicted of DWI, placed on community supervision for 180 days, and ordered to pay a $1,000.00 fine.[2] Thereafter, the State filed a motion to dismiss the prior "Community Supervision Judgment" because Buie had "fulfilled all the obligation[s] as ordered by" the Ochiltree County Court.

Under Article 42.12, Section 20 of the Texas Code of Criminal Procedure, a person placed on community supervision can be granted a form of judicial clemency whereby,

---

[1]The indictment alleged that Buie had been convicted of DWI on December 4, 2002, in the County Court of Ochiltree County in cause number CR16559.

[2]The procedure employed in this previous DWI contrasts with a deferred adjudication wherein, "a defendant is placed on deferred adjudication community supervision, he pleads guilty, but the trial court defers any adjudication of guilt." *Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012).

> [u]pon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who [would] thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant ha[d] been convicted or to which the defendant ha[d] pleaded guilty . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (West Supp. 2012).[3] This option, however, was not (and still is not) available for a defendant convicted of a DWI offense.[4]

The State's motion to dismiss failed to mention that the offense for which Buie was placed on community supervision was DWI, and the trial judge affixed his signature to the order form drafted by the State which "DECREED that said entitled and numbered cause be and the same is hereby dismissed."

This attempt to dismiss the case at that juncture was ineffective because the trial court lacked the jurisdiction to enter the attempted dismissal. The judgment of conviction was entered on December 4, 2002, and the period of community supervision was 180 days.[5] However, the State's motion to dismiss was not filed until December 29, 2003, the same date that the trial court entered its putative order. It is well established that except in circumstances not present in the case, a trial court's jurisdiction "to do anything . . . other than to discharge [a defendant] from

---

[3]*See Cuellar v. State*, 70 S.W.3d 815, 818–19 (Tex. Crim. App. 2002) (describing this form of discharge and explaining, "If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away").

[4]The State categorizes this order as a discharge from community supervision. While that may have been the court's intention, the plain language of the order drafted by the State dismisses the entire case.

[5]Because Buie was found guilty of the prior DWI, she was not entitled to a Section 5(c) dismissal. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (West Supp. 2012).

3

probation" expires at the end of the community supervision period. *In re Cherry*, 258 S.W.3d 328, 334 (Tex. App.—Austin 2008, orig. proceeding); *see Ex parte Donaldson*, 86 S.W.3d 231, 232–33 (Tex. Crim. App. 2002) (per curiam); *Ex parte Fulce*, 993 S.W.2d 660, 661–62 (Tex. Crim. App. 1990); *In re Leonard*, 402 S.W.3d 421, 424 (Tex. App.—Fort Worth 2013, orig. proceeding).

Although it appears that it was the intention of the trial court in the first DWI case to simply release Buie from the successfully-completed term of community supervision, the literal wording of the trial court's order goes far beyond that. The order purports to decree the complete dismissal of the case. Buie would need to look to Article 42.12, Section 20(a) of the Texas Code of Criminal Procedure for the authority to dismiss the suit. The options of the court regarding that statute are stated above.

However, the purported order dismissing the case was entered approximately six months after Buie had completed the terms of her community supervision, this being past the time when the court could enter such an order. *See generally State v. Shelton*, 396 S.W.3d 614 (Tex. App.—Amarillo 2012, pet. ref'd) (reversing trial court's order granting judicial clemency because it lacked jurisdiction and rendering judgment dismissing appellee's "motion to set aside conviction and dismiss charges"); *State v. Fielder*, 376 S.W.3d 784, 786–87 (Tex. App.—Waco 2011, no pet.); *see also Cook v. State*, No. 05-10-01072-CR, 2012 WL 1371971, at *2 (Tex. App.—Dallas Apr. 20, 2012, no pet.) (mem. op., not designated for publication).[6] Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. *State ex rel. Latty v.*

---

[6]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

4

*Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *In re Hancock*, 212 S.W.3d 922, 929 (Tex. App.—Fort Worth 2007, orig. proceeding).

Even if the first trial court's order of dismissal had been entered in a timely manner, it would not have been a proper exercise of the authority granted to that court because persons convicted of DWI offenses are ineligible for such relief. *See* TEX. CODE CRIM. PROC. CRIM. PROC. 42.12, § 20(b) (West Supp. 2012).

Our finding that the trial court's order of dismissal for the first DWI was a nullity is dispositive of Buie's points of error, each of which is overruled.

We affirm the trial court's judgment.


                    Bailey C. Moseley
                    Justice

Date Submitted:     September 18, 2013
Date Decided:       September 20, 2013

Do Not Publish