**Opinion filed September 11, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-12-00299-CR

_____

## GILBERT MIRELES BARA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 54th District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2010-869-C2**

## M E M O R A N D U M   O P I N I O N

Gilbert Mireles Bara appeals his jury conviction of three counts of aggravated sexual assault of a child and one count of indecency with a child by contact.[1]  For each conviction of aggravated sexual assault of a child, the jury assessed Appellant's punishment at confinement for a term of thirty years.  For his conviction of indecency with a child by contact, the jury assessed Appellant's

---

[1]*See* TEX. PENAL CODE ANN. § 21.11 (West 2011), § 22.021 (West Supp. 2013).

punishment at confinement for a term of ten years. The trial court ordered the sentences to run consecutively. We affirm.

## I. *The Charged Offenses*

Appellant was charged by indictment with three counts of aggravated sexual assault of a child and one count of indecency with a child by contact. The indictment alleged that Appellant intentionally or knowingly caused the sexual organ of R.R., a child under the age of fourteen, to be penetrated by Appellant's finger on or about December 9, 1998, and again on or about December 9, 1999. The indictment further alleged that Appellant intentionally or knowingly caused the sexual organ of R.R. to be contacted or penetrated by Appellant's mouth on or about December 9, 1998.

A person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. PENAL § 22.021(a)(1)(B)(i).[2] A person also commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. *Id.* § 22.021(a)(1)(B)(iii). An offense of aggravated sexual assault is a felony of the first degree. *Id.* § 22.021(e).

The indictment also alleged that Appellant intentionally or knowingly caused R.R. to engage in sexual contact by causing R.R. to touch his genitals on or about December 9, 1998. A person commits the offense of indecency with a child by contact if, with a child younger than seventeen years of age, whether the child is of the same or opposite sex, the person engages in sexual contact with the child or causes the child to engage in sexual contact. PENAL § 21.11(a)(1). An offense of

---

[2]In this opinion, we cite the current version of the Penal Code for ease of reference, but we note that the version of the Code in effect at the time of the offense applies to the respective offense. With respect to the charged offenses, the content of the Code is substantially the same now as it was at the time of the charged offenses.

indecency with a child by contact is a felony of the second degree. PENAL § 21.11(d). Appellant pleaded "not guilty" to all four charges, and the case proceeded to trial.

## II. *Evidence at Trial*

R.R., Appellant's step-granddaughter, testified that she moved into her grandmother's house in Harlingen when she was four years old. Appellant, who at the time was the boyfriend of R.R.'s grandmother,[3] also lived at the house.

R.R. was watching television at the house one day when Appellant "put his finger" inside of her vagina. Appellant then forced her to move his penis "up and down" until he ejaculated. Appellant told R.R. not to tell anyone about the incident and threatened to kill her grandmother if she did not obey his command.

Later that year, R.R. awoke one morning to Appellant touching her vagina. Appellant then asked R.R. if he could "kiss" her vagina. R.R. told him no, but "he did it anyway[]." Appellant also put his finger inside of R.R.'s vagina and made her move his penis "up and down" until he ejaculated.

When R.R. was nine or ten years old, she was staying at her grandmother's house in Waco[4] when she entered Appellant's bedroom and found him watching a pornographic movie. R.R. attempted to leave the room, but Appellant forced her to stay by grabbing her arm. Appellant then pulled R.R.'s pants and panties down and "kissed" her vagina. Appellant also "stuck his finger in and out" of R.R.'s vagina "a couple of times" and made her "grab" his penis until he ejaculated.

When R.R. was eleven years old, she woke up one morning at her grandmother's house in Waco and found Appellant kissing her neck and back. Appellant then "put his hands inside of [R.R.'s] panties" and "touched" her vagina.

---

[3]Appellant and R.R.'s grandmother married in 2002.

[4]R.R. explained that her grandmother moved from Harlingen to Waco when R.R. was around four years old.

3

Appellant told R.R. not to tell anyone about the incident and reiterated his threat that he would kill her grandmother if she did not follow his order.

Appellant chose to testify and denied all of R.R.'s allegations. Appellant argued that R.R. had fabricated her allegations in order to deprive him of his share of R.R.'s grandmother's estate.[5]

### III. *Issues Presented*

Appellant presents four issues on appeal. Through his first and second issues, Appellant contends that the evidence was insufficient to sustain his two convictions for aggravated sexual assault of a child by penetration and that, therefore, those convictions violate the Double Jeopardy Clause of the Fifth Amendment, Section 14 of Article I of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure. By his third and fourth issues, Appellant argues that the trial court erred when it refused to admit Tony Fraga's polygraph test results and when it assessed the fees of a court-appointed investigator as court costs owed by Appellant.

### IV. *Standard of Review*

We review a sufficiency of the evidence issue under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

---

[5]R.R.'s grandmother died in 2009.

The test for determining whether a trial court properly admitted evidence is an abuse of discretion, which is a question of whether the court acted without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court's judgment will not be reversed unless the ruling was outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

V. *Analysis*

A. *Sufficiency of the Evidence*

Appellant contends in his first and second issues that the evidence was insufficient to sustain two convictions for aggravated sexual assault of a child by penetration with a finger. He also contends that those two convictions violate the Double Jeopardy Clause of the Fifth Amendment, Section 14 of Article I of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14; TEX. CODE CRIM. PROC. ANN. art. 1.10 (West 2005). Appellant contends that the State presented evidence that he penetrated R.R. only one time in McLennan County with his finger.

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the child's sexual organ. PENAL § 22.021(a)(1)(B)(i). The State may prove penetration by circumstantial evidence, and the victim need not testify as to penetration. *Murphy v. State*, 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. ref'd). Evidence of the slightest penetration is sufficient to uphold a conviction, so long as it is shown beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); *Rodriguez v. State*, 762 S.W.2d 727, 732 (Tex. App.—San Antonio 1988), *pet. dism'd, improvidently granted*, 815 S.W.2d 666 (Tex. Crim. App. 1991). In *Vernon v. State*, the Court of Criminal Appeals explained that "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed

to view, even in nakedness, is a significant intrusion beyond mere external contact" and amounts to "penetration" sufficient to sustain a conviction for aggravated sexual assault of a child. 841 S.W.2d 407, 409–10 (Tex. Crim. App. 1992). The court held that evidence of the defendant's "touching" of the complainant was sufficient to show "penetration" of the complainant's female sexual organ where the evidence showed that the contact was "more intrusive than contact with her outer vaginal lips." *Id.* at 409. The court further stated that the term "penetration" "is fairly susceptible of an understanding which includes the kind of touching proven in this case," which was touching "under the fold of [the] lips, near the vaginal entrance." *Id.* at 409–10.

Here, R.R. testified that, when she was nine or ten years old, Appellant "stuck his finger in and out" of her private part "a couple of times" at her grandmother's house in Waco. R.R. further testified that, when she was eleven years old, Appellant "put his hands inside of [her] panties" and "touched [her] private part" at her grandmother's house in Waco. R.R. testified that she used the term "private part" to refer to her "vagina." Given the Court of Criminal Appeals holding in *Vernon*, we find that the jury could have reasonably inferred from R.R.'s testimony that Appellant committed two separate offenses of aggravated sexual assault of a child by penetrating R.R.'s sexual organ with Appellant's finger in McLennan County on two separate occasions.[6] *See Vernon*, 841 S.W.2d at 409–10; *Lopez v. State*, No. 11-03-00250-CR, 2005 WL 1116037, at *2 (Tex. App.— Eastland May 12, 2005, pet. ref'd) (not designated for publication) (stating that, "if appellant's finger went past the labia majora and touched the vagina, it penetrated the victim's female sexual organ); *see also Brooks*, 323 S.W.3d at 899

---

[6]The City of Waco is in McLennan County.

(recognizing that the jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony).

Having found that the evidence was sufficient to support Appellant's two convictions for aggravated sexual assault of a child by penetration, we also find that those convictions do not violate the Double Jeopardy Clause of the Fifth Amendment, Section 14 of Article I of the Texas Constitution, or Article 1.10 of the Texas Code of Criminal Procedure. Appellant's first and second issues are overruled.

### B. *Exclusion of Polygraph Test Results*

Appellant argues in his third issue that the trial court erred when it refused to admit the polygraph test results of Tony Fraga. Sergeant Scott Holt of the Waco Police Department testified that the Waco Police Department investigated Fraga, who was R.R.'s former stepfather, after R.R. made allegations that Fraga sexually abused her.[7] Sergeant Holt stated that the case against Fraga was eventually labeled "exceptionally cleared," meaning that there was probable cause to arrest Fraga but that something out of the police department's control prevented an arrest. Sergeant Holt stated that he did not understand why the case had been given that disposition and noted that it did not make sense to him.

During the State's direct examination of Sergeant Holt, Appellant requested a hearing outside the presence of the jury to determine whether the jury could hear evidence that Fraga had passed a polygraph test administered by the Waco Police Department in 2002. Appellant argued that the evidence should be admitted based on the fact that the State had left the impression that someone had "messed up" in

---

[7]R.R. stated that, when she was seven years old, Fraga "touch[ed]" and "kiss[ed]" her private part on several occasions.

not pursuing Fraga. The trial court denied the request and stated that polygraph test results were "absolutely prohibited" at trial.

Texas law is clear that the results of a polygraph examination are inadmissible for all purposes. *Leonard v. State*, 315 S.W.3d 578, 580 (Tex. App.—Eastland 2010), *aff'd*, 385 S.W.3d 570 (Tex. Crim. App. 2012). Appellant acknowledges the law's stance on polygraph test results but asks us to create an exception in this case. We decline to do so. Unless, and until, the Court of Criminal Appeals lifts its ban on polygraph test results, trial courts lack discretion to admit polygraph test results for any purpose. *See Leonard*, 385 S.W.3d at 577 ("For more than sixty years, [the Court of Criminal Appeals has] not once wavered from the proposition that the results of polygraph examinations are inadmissible over proper objection because the tests are unreliable."). Appellant's third issue is therefore overruled.

### C. Investigator's Fees Assessed as Court Costs

Appellant argues in his final issue that the trial court erred when it assessed the fees of a court-appointed investigator as court costs. Appellant contends that the investigator's fees should have been considered expenses of his court-appointed counsel. Appellant is correct that the original judgments in this case improperly included the cost of a court-appointed investigator in the court costs owed by Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(d) (West Supp. 2013) (stating that investigation fees are considered expenses of court-appointed counsel). However, the trial court later executed judgments nunc pro tunc that corrected the clerical error. Given that correction, we find that the issue is now moot.[8] Accordingly, we overrule Appellant's final issue.

---

[8]At oral argument, on March 11, 2014, Appellant recognized that this issue had been resolved.

## VI. *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


September 11, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.